E. J. Dozier, adm'r, plaintiff in error, vs. Richardson, Hartsfield & Co., defendants in error.

H. died pending a suit against him; afterwards, an order was passed making his administrator, D., a party in his place—the order reciting, that D. had been served with a *scire facias*. D. moved to set aside this order, alleging that he had not been so served.

*Held*, that the recital in the order, did not *conclude* him from proving his allegation.

Motion to set aside judgment, from Upson county. Tried before Judge Cabiness, at November Term, 1857.

This was a motion by Erasmus J. Dozier, administrator of Tarpley T. P. Holt, deceased, to vacate and set aside a judgment obtained against him as administrator, at February Term, 1856, of the Inferior Court of Upson county, in favor

of Richardson, Hartsfield & Co.; for $673 15, besides interest and cost.

It appeared, that pending the suit of Richardson, Hartsfield & Co. against Holt, that he died, and Dozier was appointed administrator of his estate; that at February Term, 1856, of the Inferior Court, an order was passed, reciting that *scire facias* having issued and been served upon the administrator, to show cause why he should not be made a party, and no cause being shown, it was ordered that the administrator be made a party defendant, and the cause proceed. And at the same term, judgment was confessed by T. W. & C. T. Goode, attorneys for defendant.

Dozier, the administrator, based his motion to set aside this judgment and the execution issued thereon, upon the grounds that he had never been served with any *scire facias*, and that said confession was made by said attorneys under a misapprehension of the case.

The issue formed upon this motion was transferred to the Superior Court, to be tried on the appeal, and the case being there submitted to a special jury, after the testimony was closed, the presiding Judge charged the jury: "That pending this suit, and before judgment, Holt died; in such case, the administrator cannot be made a party until *scire facias* issues and is served on him; and the issue now before you is, whether the order making Dozier a party defendant to the suit in the Inferior Court, should be vacated and set aside, on the ground that no *scire facias* was issued and served upon him.

"The facts recited in the order making Dozier a party is evidence, and cannot be controverted except for fraud. If the order recites that a *scire facias* was issued and served, these facts are to be taken as true, and it is not competent for this Court to review the evidence upon which that recital was made, except the order be attacked as being obtained by fraud. The order being a judgment of a Court of competent jurisdiction, cannot be impeached except for fraud, and the

movant cannot attack it on the ground merely that no *scire facias* was in fact issued and served."

There were three other cases in the same condition, and it was agreed that the result of one should settle all.

The jury found for the defendant, and counsel for movant moved for a new trial, on the grounds, that the verdict was against law and evidence, and that the Court erred in its charge to the jury, that the order, with its recital, making movant a party, could not be attacked except for fraud, and that the evidence upon which said order was founded, could not be reviewed unless impeached for fraud.

The Court refused the motion for a new trial, and movant excepted.

O. C. GIBSON ; T. W. & C. T. GOODE, for plaintiff in error.

SMITH, *contra.*

*By the Court.*—BENNING, J. delivering the opinion.

The Court below charged the jury as follows ; " The facts recited in the order making Dozier a party, is evidence and cannot be controverted, except for fraud.   If the order recites, that a *scire facias* was issued and served, these facts are to be taken as true."   Was this charge right?

It is no doubt true, that a judgment rendered against a man, by a Court that has jurisdiction to render it, is conclusive against him, if not obtained by fraud.   But does a Court have jurisdiction to render judgment against a man who has never had notice, of the suit, and who does not appear to the suit?   Most certainly, not.

Can it get this jurisdiction, by falsely reciting, in some proceeding in the suit, that the man was notified of the suit, or that he appeared to it?   Nobody will say so.

But we have to say so, in effect, if we say, that such recitals are *conclusive* on the man.   This must be manifest.

It follows, then, that we cannot say so.

" A want of jurisdiction in the Court pronouncing it," (any judgment,) "may always be set up when it is sought to be enforced, or when any benefit is claimed under it; and the principle which ordinarily forbids the impeachment or contradiction of a record, has no sort of application to the case." Note 551 to *Phill. on Ev.*, see cases there cited; and see the *Marshalsea's Case*, 10 *Coke*, 76.

We think, then, that a judgment reciting, that a party was served with process, is not *conclusive*, but only *prima facie*, evidence that he was so served. And, therefore, we think, that the charge above quoted, was erroneous. We think, that Dozier had the right to prove, if he could, that the *scire facias* was not served on him, and that no one had authority to appear for him, notwithstanding any recital in the order making him a party.

Of course, we intimate no opinion as to the sufficiency of the evidence introduced by Dozier.

New trial granted.