MERRIT D. WELCH v. F. J. AYRES ET AL.

FILED JANUARY 4, 1895.　No. 5709.

1. **Summons**: SERVICE BY PUBLICATION: JURISDICTION.　Juris-
diction of the defendant cannot be acquired by service by pub-
lication, in an action for the recovery of money, under the third
clause of section 77 of the Code, unless the defendant is a non-
resident of the state, or a foreign corporation having property in
this state, or debts owing to him, which are sought to be taken
by some provisional remedy, or to be appropriated by judicial
proceedings.

2. ——: ——: ——.　In such an action where the defendant
has within the state no property, nor debts owing to him, juris-
diction will not be acquired over his person by the publication
of the summons.

3. ——: ——: ——.　For the purpose of ascertaining its juris-
diction in such a case, it is competent for the court to hear tes-
timony, when the question of jurisdiction is properly raised by
the defendant.

4. **Appearance**: WAIVER OF DEFECTS IN NOTICE.　When a de-
fendant appears and files a motion to dismiss the suit because of
defects in the service by publication, he thereby waives all ir-
regularities and defects in such service.

ERROR from the district court of Antelope county. Tried
below before ALLEN, J.

*Ricketts & Wilson*, for plaintiff in error, cited: *Weil v.
Larkins*, 3 Neb., 384; *Weinland v. Cochran*, 9 Neb., 480;
*Crowell v. Horacek*, 12 Neb., 622; *Keene v. Sallenbach*, 15
Neb., 200; *Kennard v. Hollenbeck*, 17 Neb., 362; *Kimbro,
v. Clark*, 17 Neb., 403.

*O. A. Williams*, contra.

NORVAL, C. J.

On the 17th day of December, 1891, this action was
brought in the court below by plaintiff in error against F.

J. Ayres and J. B. Blanchard upon two promissory notes executed by the defendants. At the same time, upon an affidavit for an attachment in proper form being filed by the plaintiff, alleging that the defendant Blanchard was a non-resident of this state, an order of attachment was issued against the goods and effects of said Blanchard. The sheriff levied the writ upon the south half of the northwest quarter, and the north half of the southwest quarter of section 21, in township 27 north, of range 7 west, in Antelope county. The defendant Ayres waived the service of a summons and entered his voluntary appearance in the action, and upon his default for want of an answer, judgment was taken against him in favor of the plaintiff for the sum of $1,597.95. On the 30th day of January, 1892, an affidavit, in due form, was filed with the clerk of the district court for service by publication upon the defendant Blanchard, on the ground that she was a non-resident of the state, and had property in this state, which had been attached in the action. Subsequently, service of summons was had upon Blanchard by publication, and afterwards she appeared and moved the court to dismiss the action for want of jurisdiction, for the reason that she had no property within this state at the time the suit was instituted, or since. Affidavits were filed in support of the motion, in which it is stated, in effect, that J. B. Blanchard was not the owner of any property, real or personal, situated or located within the jurisdiction of the court, and that she had not been the owner of, and had no right, title, or interest in, the lands attached since December 20, 1888, but that on said day, for a valuable consideration, she transferred said real estate to one Maggie Swearinger. The court sustained the motion of the defendant Blanchard, dismissed the cause as to her, and vacated the attachment. This ruling of the court is the only point presented for review.

Our Code of Civil Procedure (section 77) provides:

"Service may be made by publication in either of the following cases: First—In actions brought under the fifty-first, fifty-second, and fifty-third sections of this code, where any or all of the defendants reside out of the state. Second—In actions brought to establish or set aside a will, where any or all the defendants reside out of the state. Third—In actions brought against a non-resident of this state, or a foreign corporation, having in this state property or debts owing to them, sought to be taken by any of the provisional remedies, or to be appropriated in any way. Fourth—In actions which relate to, or the subject of which is, real or personal property in this state where any defendant has or claims a lien or interest, actual or contingent, therein, or the relief demanded consists wholly or partially in excluding him from any interest therein, and such defendant is a non-resident of the state or a foreign corporation. Fifth—In all actions where the defendant, being a resident of the state, has departed therefrom, or from the county of his residence, with intent to delay or defraud his creditors, or to avoid the service of a summons, or keeps himself concealed therein with the like intent." Service by publication was made in this cause under the third clause, or subdivision, of said section 77. It is plain that said clause authorizes the service of a summons by publication alone upon the concurrence of the following conditions: First, the defendant must be a non-resident of the state, or a foreign corporation; second, that the defendant is the owner of property, or has debts owing to him within the state; third, that such property or debts are sought to be taken by a provisional remedy, or to be appropriated by judicial proceedings. If any one of the foregoing conditions does not exist, jurisdiction of the defendant will not be acquired by publication of the summons. That the defendant Blanchard was not a resident of Nebraska, that she had property in this state, and that the writ of attachment which issued in the cause was levied thereon, are all

averred in the affidavit filed for service by publication. It
is not disputed that at the commencement of the suit
Blanchard was a non-resident; but it is contended, and the
testimony adduced on the hearing of the motion to dismiss
shows, that she was not the owner of the property at-
tached, or any other property within the state when the
action was instituted against her.    The right to institute
and prosecute an action against a non-resident debtor for
the recovery of money only, and to serve summons upon
him by publication, under the third clause of section 77,
depends as much upon the existence of the fact of the de-
fendant's ownership of the property within the state as
upon the fact of his non-residence; and the existence of
both facts are essential to the validity of the proceedings.
Service of publication under said clause of section 77 can
only be had against a non-resident of this state who has
property therein. (See *National Bank of New London v.*
*Lake Shore & M. S. R. Co.*, 21 O. St., 221.)    The su-
preme court of California, in *Anderson v. Goff*, 13 Pac.
Rep., 73, held that while under the statute of that state it
was not necessary to aver in the affidavit for service for
publication that the defendant has property in the state, or
that a writ of attachment has issued, yet those facts must
exist in order to render the judgment valid.

  In the case at bar all the jurisdictional facts are set up in
the affidavit under which the publication of the summons
was made, and the question is presented whether it was com-
petent for the trial court to receive testimony for the pur-
pose of showing that the defendant Blanchard did not own
the property attached.    We think the answer must be in
the affirmative.    The affidavit for publication, although
*prima facie* evidence of the existence of the jurisdictional
facts therein alleged, is not conclusive.    Suppose in this
case the defendant had made a special appearance, and
moved to quash the service on the ground that she was a
resident of the state.    Would it be contended for a mo--

ment that she would not be permitted to establish by competent evidence that she was a resident of Nebraska and had been ever since the action was brought? Certainly not. Then it would seem clear that a defendant served by publication in an action for the recovery of money may show the non-existence of any fact essential to confer jurisdiction, such as that the defendant owns no property situated within this state. The right to make service by publication in an action like this depends upon the existence of the three jurisdictional facts specified in the third clause of section 77 of the Code, and not alone upon the averment thereof in the affidavit for publication. Such being the case, it follows that it is competent for the court to hear testimony for the purpose of ascertaining whether or not it has jurisdiction in the case. This doctrine is held and applied by the supreme court of Ohio, under a statute similar to our own, in the case reported in 21 Ohio State, cited above. The court, in the opinion of that case, distinctly states that it was proper for the trial court to determine upon the evidence adduced, whether the non-resident was the owner of the property sought to be taken by the process of attachment. We are in no doubt that, in an action like this, ownership in the non-resident debtor of the property attached is essential to jurisdiction. By this is not meant that the property must stand in his own name. If he has an attachable interest in the property, so far as the question of ownership is concerned, it is sufficient to confer jurisdiction. Suppose a debtor has transferred his property for the purpose of defrauding his creditors, as the plaintiff claims was done in this case, although there is but slight evidence tending to establish such fact in this record, such property may be seized under a writ of attachment as the property of the fraudulent transferrer, and this court has so declared in *Keene v. Sallenbach*, 15 Neb., 200; *Kennard v. Hollenbeck*, 17 Neb., 362; *Kimbro v. Clark*, 17 Neb., 403; *Gillespie v. Cooper*, 36 Neb.,

775. It requires no argument to convince any one that the interest of the debtor in such property, when situated within this state, constitutes a sufficient ownership to authorize the service of summons by publication, when all other jurisdictional facts appear. This being an action *in personam,* and the defendant Blanchard not having any property within this state at the commencement of this action, for the reasons stated above, the service of a summons upon her by publication was insufficient, and conferred no jurisdiction upon the court over her person. Had the proper motion been made, namely, to quash the service, the court below should have declared that there had been no service of process upon the non-resident defendant, and that she is not required to answer. No such motion, however, was filed, but one to dismiss the action. The court erred in its ruling in dismissing the suit, since the court had jurisdiction of the subject-matter, and the plaintiff may yet be able to make personal service of summons upon the defendant Blanchard in this state. The motion which was made and sustained was too broad. It should have been limited to the single question of the jurisdiction of the court over the person of the defendant Blanchard. The filing of a motion to dismiss the suit constitutes a general appearance. It is a waiver of all defects in the service by publication, and gives the court jurisdiction of the person of the defendant. (*Aultman v. Steinan,* 8 Neb., 109; *Bucklin v. Strickler,* 32 Neb., 602.) The judgment is reversed and the cause reinstated.

REVERSED.