7 *.* *.* *. .* *. .*

GERMAN NATIONAL BANK OF LINCOLN AND GEORGE F. H. SCHWAKE V. JOHN KAUTTER ET AL.

FILED MAY 19, 1898.   No. 8032.

1. **Attachment:** CONSTRUCTIVE SERVICE: SALE OF RESIDENT'S PROPERTY: ATTACK UPON JUDGMENT. An adjudication by which the *res,* on which a writ of attachment had been levied, was sold, and the proceeds appropriated to the satisfaction of the debt in suit, where the ground of attachment stated in the affidavit filed was the non-residence in the state of the debtor, and he was not otherwise served than constructively, and did not appear in the suit, may be by him attacked and shown to be void for the reason that he was, at the time of the inception and prosecution of the suit, a resident of the state and then therein, in a subsequent litigation between him and the plaintiff in the attachment suit wherein the adjudication in said suit is invoked as a defense to the demand of the debtor in the attachment on the plaintiff therein. This may be done notwithstanding the record of the attachment suit on its face shows all acts and facts to constitute it correct and regular and with jurisdiction.

2. ———: ———: FALSE AFFIDAVIT: VOID JUDGMENT. An attachment based on an affidavit of the non-residence of the debtor, if such statement is untrue, is wrongful and the proceedings void.

3. **Pleading.** The cross-petition herein *held* sufficient as a statement of a cause of action for the relief demanded, and also for that afforded against an attack by demurrer *ore tenus.*

4. **Assignments of Error.** Assignments of error in this, a trial to the court without a jury, of the admission of testimony, of improper

cross-examination and incorrect order of introduction of evidence, examined and determined without force.

5. **Sufficiency of Evidence:** REVIEW. Evidence *held* sufficient to sustain the judgment against one of the plaintiffs in error, and insufficient as to another.

ERROR from the district court of Seward county. Tried below before BATES, J. *Reversed in part.*

*Boehmer & Rummons* and *Abbott, Selleck & Lane,* for plaintiffs in error.

*Norval Bros., D. C. McKillip,* and *J. C. Johnston, contra.*

HARRISON, C. J.

In the petition filed in this action, commenced for Ernest Bolse in the district court of Seward county, it was pleaded that on February 27, 1889, he executed and delivered to John Kautter a promissory note in the sum of $1,138.36, payable April 1, 1894, and he and his wife, as security for the payment of the note, at the same time executed and delivered to the said party a mortgage on certain land in Seward county, Nebraska; that thereafter the note was by the payee indorsed and transferred to the German National Bank of Lincoln; that the petitioner paid at various dates the sums of interest due on the note, and on May 3, 1894, paid to the bank the whole amount of principal and interest then due and received from it the note and mortgage, the note marked paid with a stamp then in use by the bank for cancellation of paid instruments of indebtedness; that the pleader had offered and tendered payment of the fees and expenses of the execution, etc., of a release of the mortgage, but had been by the bank and other parties apparently interested in the matter refused the satisfaction or release. He impleaded with the bank John Kautter, Henry Schwake, George F. H. Schwake, George T. Meier, and Frank A. Boehmer, as each having or asserting an interest in the note and mortgage as assignee, purchaser, or pledgee

thereof, or otherwise.  He also stated that he had sold
the land described in the mortgage and could not com-
plete the sale by reason of the non-release of the mort-
gage.  He prayed that the parties named be ordered to
release the mortgage of record or that it be decreed can-
celed.  All the defendants except Kautter filed a joint
answer, in which they disclaimed any interest in or to
the real estate described in the petition or to the stated
mortgage thereon.

For Kautter an answer was filed, and subsequently
an answer and cross-petition.  His first answer was dur-
ing the course of the proceedings, on motion of some of
the parties to the action, stricken from the files.  In the
answer and cross-petition Kautter both admitted and
pleaded affirmatively the execution, etc., of the note and
mortgage referred to in the petition; also admitted that
the mortgage was unreleased of record.  It was further
pleaded in such cross-petition that the note and mortgage
were by Kautter delivered to the bank as collateral se-
curity for the payment of his indebtedness thereto.  This
was for moneys loaned to him at different times, in the
aggregate $238.  That at some date in the month of March
or April, 1891, he gave to the bank a promissory note for
the total sum of the loans, due three months after date,
and the bank retained the collaterals, and, soon after, he
went to the state of Kansas to attend to some business;
that he was not again at the bank until June, 1893, at
which time he asked to settle his indebtedness and that
he receive the Bolse note and mortgage and the bank ac-
count for the interest, if any, collected thereon.  (The
interest on the Bolse note was payable annually.)  He
was then informed by the bank that the Bolse note and
mortgage had been sold and the proceeds of the sale ap-
plied in payment of the indebtedness—the $238.  He fur-
ther pleaded that on or about December 9, 1891, the bank
made a pretended sale and transfer of the note and mort-
gage; that the same was done with the intent to cheat
and defraud him and to wrongfully and fraudulently de-

prive him of his interest in the note and mortgage; that Frank A. Boehmer, Henry Schwake, George F. H. Schwake, and George T. Meier, who each during the life of the mortgage had appeared of record as an assignee and apparent purchaser thereof, had none of them paid any consideration for the note and mortgage, but had figured as such purchasers pursuant to an agreement and intent to aid the bank in its fraudulent purpose relative to the pleader's rights in the instruments apparently transferred. He alleged further that if Bolse had paid the amount due on the note for $1,138.36 to the bank, it was done with a full knowledge of Kautter's continued interest or right thereto and therein, and also of the sale by the bank of the note and mortgage and its purpose with which it made the transfer. The prayer of the cross-petition was that the amount due on the note and mortgage might be ascertained, and after a deduction therefrom of the sum of the pleader's indebtedness to the bank, the balance be adjudged a first lien against the land described in the petition in the action; that if it should appear that the money due on the note and mortgage had been paid to the bank, a judgment be accorded the cross-petitioner against the bank for the amount his due, and also against any other of defendants who were shown to have participated with the bank in the wrongful and fraudulent purposes and acts relative to the rights of the pleader.

To the extent the rights of Ernest Bolse, the original plaintiff, were involved, the issues were tried and determined and the cause was continued. Time was asked by and allowed to the bank and others, against whom the cross-petition declared and demanded affirmative relief, to answer its allegations. The bank, in answer to the cross-petition, admitted the creation and existence of the note and mortgage by Bolse in favor of the cross-petitioner and alleged that the latter, on March 16, 1890, executed and delivered to the bank a promissory note in the sum of $240.75, due June 16, 1890, which was not paid at.

its maturity and was unpaid on August 3, 1891; that on the last mentioned date the bank caused an action to be commenced in the county court of Lancaster county to recover the amount due it, the indebtedness evidenced by the note to which we have last referred, and also caused a writ of attachment to issue in said action on the ground that John Kautter was a non-resident of the state of Nebraska; that the writ of attachment was levied on the note and mortgage of Bolse to the defendant in the attachment suit; that such action proceeded regularly as provided by law to its termination, inclusive of a public sale of the note and mortgage under order of the court and the application of the proceeds to the payment of the note on which the attachment cause was predicated. It was further answered that no proceeding had been had or taken to modify, reverse, change, or annul the adjudication of the county court. Frank A. Boehmer, in answer to the cross-petition, admitted the execution and delivery of the $1,138.36 note, and its accompanying mortgage by Bolse to Kautter; alleged his purchase thereof in good faith at the sale by the officer, and denied generally all other allegations of such pleading. Henry Schwake, George F. H. Schwake, and George T. Meier each admitted the $1,138.36 note and mortgage as pleaded, and alleged its *bona fide* purchase for a valuable consideration, and its ownership for a time; and for further answer denied the other statements of the cross-petition.

For the cross-petitioner there was filed a reply to the answer of the bank, in which it was stated that the bank and the other parties, who, during the life of the $1,138.36 note, became apparently its owners and holders, and who were either officers or employés of the bank or were of its stockholders, combined or planned to cheat or defraud the cross-petitioner and used the suit by attachment as a means through which to effect the purpose, and thereby procured a sale of the note and mortgage to be made, at which a purchase thereof was effected for the bank for

the sum of $322, when their value was more than $1,300; that at the time the attachment suit was begun and during its progress, the pleader was a resident of Seward county, Nebraska, which fact and his whereabouts at the time were well known to the bank and the other parties interested, but they purposely avoided any notice to him of the action, attachment, and sale thereunder, and he had no notice thereof, and that the county court was without jurisdiction to act in the suit.

A jury was waived and there was a trial of the issues to the court. The court determined as matters of fact that Kautter borrowed of the bank the sum of $240.75 on March 16, 1890, and as evidence of the indebtedness so created executed and delivered to it a promissory note, also turned over to it the $1,138.36 note and mortgage as collateral security for the payment of his debt; that several sums at different times were paid by Ernest Bolse to the bank on the mortgage note, and the balance due thereof, $1,224, was paid May 3, 1894, to the bank; that at the time of the suit and attachment and the pretended sale of the note and mortgage under order of the court in such suit "The said cross-petitioner, John Kautter, was an actual *bona fide* resident of Seward county, Nebraska, and still resides therein, and that he had no notice whatever of the pendency of said action, and that no notice or summons was served upon him in said action; and the court further finds that said pretended action and attachment, and the pretended sale of said note, was collusive and fraudulent and was made for the purpose of cheating and defrauding said cross-petitioner, John Kautter, out of said note and mortgage."

Judgment was rendered against the bank and George F. H. Schwake for $1,198.66 and costs, to reverse which is the purpose of the present proceeding in this court.

We deem it proper here to notice some of the facts in connection with the findings of the court relative thereto. There was ample evidence of the fact that the note and mortgage were in the possession of the bank as collateral

security for the payment of the indebtedness of the payee thereof to the bank. Of the testimony relative to the residence of John Kautter, it may be said to have been established that he was an unmarried man and during several years prior to the sale of his farm in Seward county to Bolse, lived thereon; after the sale he kept his trunk, some of his belongings and effects at the house of Frank Thomas, in Seward county, this state; that he had some business interests or affairs in Kansas and would go there and stay during some months of probably each year; that at one time when in Kansas he voted at a presidential election; that he always returned to Seward county as his home and was there several months of each year, with the exception possibly of one; that at the time of the commencement and pendency of the attachment suit in Lancaster county he was in Seward county. All the facts and attendant circumstances considered, there was sufficient testimony to sustain the finding of the court that the cross-petitioner was a resident of Seward county. There was no other than constructive service in the attachment suit. There was also testimony in support of a determination that the mortgage note was at the time of its sale in the attachment proceedings of the value of the amount shown on its face. It was also of the testimony that the attorney who commenced and prosecuted the action and attachment for the bank then had the mortgage note in his possession for collection and that it was levied on in his office; that he purchased it at the sale for $322 and held it thereafter for thirty or sixty days; then, as he states, he needed some money and turned it back to the bank and received of the bank $322, the same amount he paid for it at the sale. The foregoing statements in relation to the evidence and facts of the case we deem sufficient, except to the extent they may be further noticed in discussion of the points of the arguments made by counsel for the parties.

It is contended for the plaintiffs in error that the demand for relief by the cross-petitioner involves a col-

lateral attack on a domestic judgment or adjudication, the judgment in the attachment suit; and while it was in form a personal judgment against John Kautter it must be regarded as but an adjudication by which the property attached was subjected to the payment of the debt in suit, and so considered was authorized if jurisdiction of the *res* had been obtained. It is of the contention that such an attack is not allowable where the record discloses, as did that of the county court in the attachment suit, the performance of all acts and the existence of all facts necessary to confer jurisdiction and its due exercise; and further in this connection, that the defendant in error, not having attacked the judgment in the county court in any of the methods, of which there were several afforded him by law, could not be heard to urge its invalidity in the present action. This suit, as instituted by Bolse, directly involved the rights of John Kautter to the note and mortgage and asked that he be deprived thereof, and the reason, if tenable, for the relief against him had its origin in what he asserted in his answer and cross-petition were the wrongful acts of the bank and other parties to the suit in respect to some of the subject-matters of the action relative to his rights thereto or therein. In answer to this such parties pleaded the attachment proceedings and adjudication, and he replied facts to show its invalidity. In this state, where under the Code there is but one—a civil—action in which matters which may be denominated legal or equitable may be litigated, the cross-petitioner could be heard in defense to the suit of Bolse; also in the cross-action against the bank and other parties, to assert and show the invalidity of the adjudication in the attachment suit. It is true that the record of the attachment case, on its face, disclosed that the county court had jurisdiction to proceed as it did; but the affidavit which gave it jurisdiction to entertain the suit, which became one against the thing attached, and not against the person of the debtor—for of the person there was no jurisdiction—contained in the statement, the

groundwork of the jurisdiction, that the debtor was a non-resident of the state and this was not true.   Unless it was a fact his property could not be reached in the suit, and as it was not a fact, the adjudication by which his property was appropriated was void.   Whether the debtor would be allowed to assert its invalidity and show the facts not apparent of record in litigation between him and some third person we need not and do not decide, but in a contest between him and the bank, the plaintiff in the attachment suit, we think it was competent and allowable. This view has in its support the argument that when the bank was called to account by the allegations and demands of the cross-petition, it invoked in its aid as a defense the adjudication in the attachment suit, and thus, it may be said, placed such proceedings and adjudication in issue.

The circumstances of this case as to the question now under consideration bring it within the principle of the rule announced by this court in *Eayrs v. Nason,* 54 Neb. 143, wherein it was stated:   "1. Though the record in which a judgment is pronounced discloses upon its face that the court had jurisdiction both of the subject-matter of the suit and of the parties thereto, still, a party made liable by such a judgment, who has never appeared in the action, and who was never given legal notice of the pendency of such action, may, in a proper proceeding, either as a cause of action or defense, show that the recitals of the record that he was served with the process of the court are false.   2. Suit was brought to foreclose a real estate mortgage, the owner of the equity of redemption of the land involved made defendant thereto, and constructive service had on him by publication, he being at the time a resident of the state and actually present therein.   He did not appear in the action personally or by attorney.   After the decree the defendant died. Held, that in a suit brought by his heir against the purchaser of the land at the sale under the foreclosure decree, to quiet the heir's title and redeem from the mort-

gage, that the heir might show that the averments of the affidavit filed to procure constructive service upon his ancestor, that he was then a non-resident of the state and that service of summons could not be made on him in the state, was false." (See also *Mastin v. Gray,* 19 Kan. 458; *McNeill v. Edie,* 24 Kan. 108; *Norwood v. Cobb,* 15 Tex, 500; *Goudy v. Hall,* 30 Ill. 109; *Carleton v. Bickford,* 79 Mass. 591; *Needham v. Thayer,* 147 Mass. 536; *Dozier v. Richardson,* 25 Ga. 90.)

The ground for the issuance of the writ had no existence and the attachment was wrongful (*Stiff v. Fisher,* 22 S. W. Rep. [Tex.] 577; *McLaughlin v. Davis,* 14 Kan. 168; *Connelly v. Woods,* 31 Kan. 359; *Mayer v. Zingre,* 18 Neb. 458), and afforded no forceful defense for the bank against Kautter's demand for his collaterals or the value thereof.

It is urged that the cross-petition was insufficient and the relief afforded was not warranted or supported by the pleading of the prayer thereof. The cross-petition was not the subject of an attack for insufficiency of allegations until at the time of the trial. The question was raised by a demurrer *ore tenus.* It was also of the subject-matter of the motion for a new trial. The cross-petition, we think, was sufficient in its allegation to warrant the relief given, especially construed favorably as is the rule when the demurrer is delayed, as was this, until the inception of the introduction of evidence. There are some other points made in argument for plaintiffs in error which refer to the admission of evidence. The trial was to the court without a jury. That improper evidence was admitted is not in and of itself ground for reversal. There was evidence to sustain the findings of the court. (*Tolerton v. McClure,* 45 Neb. 368.)

It is also asserted that the trial court erred in allowing a designated line of interrogatories to be asked of two of the witnesses during their cross-examination. There were but few objections interposed to any portions of the cross-examination to which this complaint refers, and the

testimony elicited by the questions to which objections were made was either immaterial or, for other reasons, wholly without prejudice to the rights of the complainants.

It is argued that it was error to allow F. C. Thomas and Frank Thomas to testify on rebuttal in regard to the place of residence of John Kautter. Of this argument it may be said that Frank Thomas was not called and did not testify in rebuttal. When F. C. Thomas was called to testify in rebuttal, there was no objection that it would be improper that he should give testimony at that stage of the trial, nor was his testimony objected to as a whole. Of a few questions asked of him it was made of record that they called for improper rebuttal testimony, and the court was asked to reject it, but the testimony allowed to be given in such instances was either immaterial or non-prejudicial; hence the assignments are without force.

Of the judgment as against the plaintiff in error, George F. H. Schwake, we must say that it is, in our view of the cause, without proof to sustain it. Anything he did was in his capacity as employé of the bank and not personally, unless it was his purchase of the note and mortgage, and we do not believe from the evidence that this portion of the affair was of such a nature as to render him personally liable to the cross-petitioner. The judgment against the bank is affirmed, and as to George F. H. Schwake it is reversed.

JUDGMENT ACCORDINGLY.

NORVAL, J., offered no opinion.