GRUNDHAUSER THRESHING MACHINE COMPANY, a Corporation, v. OTTO THRESS.

(162 N. W. 558.)

Justice court — change of venue — motion for change — affidavit for — order on — jurisdiction.

1. Where an action is brought before a justice of the peace, and a motion is made upon proper affidavit for a change of venue from such justice of the peace, and such motion is granted and the venue is transferred to another justice of the peace, the jurisdiction of the justice of the peace to which such case is transferred is acquired by reason of and at the time of the signing of the order by the original court granting such change of venue. It is the signing of the order by the original justice of the peace which causes him to lose jurisdiction and such jurisdiction to be acquired by the justice of the peace to which such action is transferred.

Justice court — to which transfer is made — jurisdiction acquired — notice of trial — given by to parties — not jurisdictional.

2. When the justice of the peace to which such action has been transferred has received the transcript and papers of such action, the notice which the statute requires him to send to the party which applied for such change of venue as to the time and place of such trial is not a jurisdictional matter, but a matter relating to the time and place of trial, and it is sufficient notice if he gives one day's notice of the time and place of trial.

Justice courts — technical precision — accuracy — docket — form of entries in — sufficiency of — intendments indulged.

3. It is generally recognized that courts of justices of the peace, not having any extended knowledge of legal terms, or technical knowledge, will not be held to great technical precision and accuracy in the form of entries made upon their dockets, and every reasonable intendment will be indulged in to sustain their sufficiency.

Opinion filed April 16, 1917.

Appeal from the District Court of Stark County, North Dakota, *W. C. Crawford,* J.

Affirmed.

*Otto Thress* and *Thos. H. Pugh,* for appellant.

The justice to whose court a change of venue is taken, upon receiving the transcript, papers, and order for change from the original justice, shall forthwith fix the time and place of trial, and cause notice thereof to be served upon the parties, unless same is properly waived. No such notice was served in this case and the justice had no jurisdiction. Comp. Laws 1913, § 9038.

Notice of the time and place of trial in such case is just as necessary as it is in the first instance, when the summons itself is issued and served and both are jurisdictional. Comp. Laws, 1913, §§ 9011, 9038; 3 Kerr's Cyc. Codes (Cal.) § 836, p. 1362; Jones v. Justices's Ct. 97 Cal. 523, 32 Pac. 575; Los Angeles v. Young, 118 Cal. 295, 62 Am. St. Rep. 234, 50 Pac. 534; 12 Enc. Pl. & Pr. 671.

There is no presumption in favor of the jurisdiction of a justice of the peace, when the record fails to disclose the fact. 12 Enc. Pl. & Pr. 672; Phelps v. McCollam, 10 N. D. 536, 88 N. W. 292; Hoben v. Citizens' Teleph. Co. 176 Mich. 596, 142 N. W. 1070; Levy v. Shurman, 6 Ark. 182, 42 Am. Dec. 690; Evans v. Marvin, 76 Or. 540, 148 Pac. 1119; Jenkins v. Carroll, 42 Mont. 302, 112 Pac. 1064; 18 Am. & Eng. Enc. Law, 2d ed. 17; 23 Cyc. 1081, 1082; 24 Cyc. 497.

*H. J. Blanchard,* for respondent.

"The matters to be entered and the form of the entries in justices' dockets are more or less definitely prescribed by statute; but, owing to the recognized inexpertness and lack of learning in justices as a class,

technical precision and accuracy in form of entries are neither expected or required." 24 Cyc. 633, and cases cited under note 37; Comp. Laws, 1913, § 9011.

"Statutes prescribing what shall be entered in justices' dockets are directory, and a failure to strictly comply therewith will not affect the validity of the judgment." 24 Cyc. 638, and cases under note 94.

Great liberality of construction will be shown to uphold justices' proceedings, and it is sufficient if, by their docket entries and process issued, their jurisdiction of the subject-matter and of the person is disclosed, together with a final disposition of the case. 24 Cyc. 634, and cases under note 43; Denmark v. Liening, 10 Cal. 93.

If the record substantially shows jurisdiction, it is sufficient, and every reasonable intendment will be indulged in favor of jurisdiction and of the acts of such courts. Williams v. Rice, 6 S. D. 9, 60 N. W. 153; Leamy v. McClure, 1 Chester Co. Rep. 220; State v. Wright, 15 S. D. 628, 91 N. W. 311.

The notice of the time and place of trial required to be given by a justice to whose court a change of venue is granted, is not jurisdictional. Demars v. Gardner, 27 N. D. 60, 145 N. W. 129.

GRACE, J. An appeal from the judgment of the district court of Stark county, Honorable W. C. Crawford, Judge.

The complaint states the cause of action upon a promissory note for $153 and interest. The defendant, through his attorneys Miller and Thress, appeared specially for the purpose of objecting to the jurisdiction of the court, for the reason that it is alleged in said motion that no service had been made on the defendant as to the time and place of holding the trial upon change of venue.

The facts in the case are as follows: The action was commenced in justice court before A. P. Folsom, a justice of the peace in and for Stark county. The summons was duly issued and served, and due return made thereon on the 12th day of November, 1913, at which time the defendant duly filed an affidavit for change of venue, and the motion for change of venue was granted from A. P. Folsom, justice of the peace, to Walter Sterland, city justice of the peace, of the city of Dickinson. Justice of the Peace Sterland set the time for the hearing and trial of said action on November 14, 1913, at 2 o'clock P. M., which

appears from the docket entry made by the said justice of the peace. Defendant made special appearance on November 14, 1913, and filed in writing the terms of his special appearance, and at that time objected to the jurisdiction of the court to determine the said cause upon the ground that the notice required by statute as to the time and place of hearing of such case upon such change of venue had not been served as required by law. The motion of the defendant was overruled, and, the defendant not appearing, judgment was entered against him by default. The action was thereafter appealed to the district court on questions of law alone. The appeal was dismissed by the district court, and judgment entered in district court in favor of the plaintiff.

The defendant assigns five specifications of error. No. 4 is as follows: That the court erred in dismissing the appeal from the justice court; No. 5. That the court erred in rendering judgment in favor of the plaintiff and against the defendant. Each of such errors is without merit as a matter of law, the district court having ruled properly in each of the matters assigned as error. Specifications of error numbered 1, 2, and 3 all concern the question of jurisdiction, and will be considered and disposed of together.

The following entry appears in the docket of Justice of Peace Sterland: "The defendant notified by letter delivered 11:10 A. M. on November 13, 1913, by Ed. Funk." This entry is quite sufficient to show that Justice of the Peace Sterland had given sufficient notice of time and place of trial as required by statute. It is recognized quite generally that justices of the peace are not experts, by reason of lack of legal knowledge, in making docket entries with technical precision and accuracy, and it cannot be expected that they can make such entries as intelligible as a court which would be learned in the law and learned in technical precision and accuracy, but it does not appear that there was anything else the defendant should be notified about excepting the time and place of the trial in question. The defendant had applied to Justice of the Peace Folsom for a change of venue, and such change of venue was taken to Justice of the Peace Sterland. This fact the defendant knew, and he would be expecting, therefore, that the case would soon come up for trial, and any notice that would indicate the time and place of trial would be sufficient, and from a reading of the entry of the justice it is justifiable to conclude that such notice contained

the proper information, and from what appears it must have contained the proper information; for the attorneys for the defendant appeared at the proper time and place, although they specially made objection to the jurisdiction of the court. This of course would confer no jurisdiction if the court had none, but it would indicate that the notice or the letter spoken of by the justice contained the proper information for the defendant as to the time and place of trial. Otherwise the attorneys for the defendant would not have known when to appear to make the objection to the jurisdiction.

However, we think that none of the questions raised by the defendant go to the jurisdiction of Justice of the Peace Sterland. The notice to be sent by the justice to the party who took a change of venue of the time and place of the trial is not a matter which goes to the jurisdiction of such justice. It is merely a notice of the time and place of trial, and has nothing to do with the jurisdiction. Section 9038, Compiled Laws of 1913, provides as follows: "From the time the order changing the place of trial is made, the court to which the action is thereby transferred has the same jurisdiction over it as though it had been commenced in such court."

It will be seen, therefore, that the court before whom the action was originally brought loses jurisdiction as soon as it signs the order granting a change of venue, and also that at the moment such order is signed the justice to which the action is transferred at the same moment acquires jurisdiction over such action and persons just as much as though the action had been commenced in the court to which such action is transferred. The point is that jurisdiction is lost by one court and acquired by another at the very moment the order is signed transferring such action. The proceedings which follow after the signing of the order are not jurisdictional in such case. It is the duty of the original justice to transcript all the papers in the action, and certify them, and send them to the court to which such action is transferred. We doubt if he could refuse to do so even if the $1 was not paid for such transcript; for having lost jurisdiction, there is nothing left for him to do but simply transfer the papers in the case, which was done by his transcript. He might refuse to grant the change of venue until the transcript was paid for; but after having once made the order and signed the same granting the change of venue, he must in any event transcript

and send the papers and transcript of his docket to the court to which such case is transferred.

Considering the acts of the court to which such action is transferred concerning the transcript which has come into his possession, and the things that such court must do, such as advising the party taking the change of venue as to the time and place of trial, all of such matters do not go to the jurisdiction of the court, but merely to the time and place of trial; for it is seen that the court to which said action is transferred received its jurisdiction exclusively, and only by reason of the order signed by the court from which such case was transferred. There is another reason why appellant must fail in this case. It appears that the defendant at the time he made his special appearance in the justice court to which such case was transferred by change of venue made a motion to dismiss the action upon the ground that the court had no jurisdiction. Such a motion made, while appearing specially, constitutes a waiver of all irregularities and defects in the proceedings had, and amounts to and constitutes a general appearance. See Hart v. Tighe, 43 Neb. 348, 61 N. W. 635.

For the reasons herein stated, there is no merit in the errors assigned which challenges the jurisdiction of the court in this case. Justice of the Peace Sterland had complete jurisdiction to enter such judgment, and so also had the district court of Stark county. There is no error in this case, and the judgment was properly entered. The judgment of the District Court of Stark County is affirmed, with the costs of all courts.

Robinson, J. I concur in result.

Christianson, J. (concurring specially). I concur in an affirmance of the judgment for the following reasons:

It appears from the record that defendant's objection to the jurisdiction of the justice was based solely on the ground "that no service has been made on the defendant herein." There is nothing to indicate what paper or process was referred to as not having been served. So far as the justice of the peace to whom the objection was presented is concerned, he would have been justified in believing that the defendant contended that no summons had been served upon him. Defendant admits, however, that summons was duly and regularly served, and that he applied for

and obtained the order for a change of venue. Clearly, the justice of the peace to whom the action was transferred had jurisdiction over the controversy. (See 24 Cyc. 509 et seq.) No proof was made, by affidavit or otherwise, to sustain the contention of the defendant that notice of time of hearing had not been given to him. It seems self-evident that, upon the motion based on lack of service, the burden rested upon him to show that such notice had not been served. It is the service of the notice, and not the proof of service, which is the vital fact.

It also appears that the alleged objection was in reality a motion for a dismissal, as the defendant therein "moves the court that the action herein be dimsissed, and that the defendant have his costs herein."

Clearly the defendant was not entitled to a dismissal of the action, since the court had jurisdiction of the subject-matter, and if no sufficient notice of the time and place of trial had been given, the court might issue a new notice and set the case for trial at some future time. If the defendant desired to stand upon the proposition that he had not received sufficient notice of the time and place of trial, he should have pointed this fact out clearly and with such particularity, that the court would have understood the point. The general rule seems to be that the filing of a motion to dismiss constitutes a general appearance and is a waiver of defect in the service of process or notice. See Welch v. Ayres, 43 Neb. 326, 61 N. W. 635; Everett v. Wilson, 34 Colo. 476, 83 Pac. 211; Nichols & S. Co. v. Baker, 13 Okla. 1, 73 Pac. 302.