WEST NEBRASKA LAND COMPANY, APPELLANT, v. WILLIAM ESLICK ET AL., APPELLEES.

FILED NOVEMBER 30, 1918. No. 20149.

Process: NONRESIDENT: CONSTRUCTIVE SERVICE. Chapter 161, Laws 1909, amending section 77 of the Code, now appearing as section 7640, Rev. St. 1913, construed, and *held*. that the former method of procuring service upon nonresidents was not affected thereby; that the purpose of the amendment was to provide a means of constructive service when it is unknown to the plaintiff and its attorney whether the defendant or defendants are residents or nonresidents of the state.

APPEAL from the district court for Kimball county: HANSON M. GRIMES, JUDGE. *Reversed and dismissed.*

*William J. Ballard,* for appellant.

*Gantt & Ellis* and *James A. Rodman, contra.*

LETTON, J.

The petition and the verification in this case are in the ordinary form for the foreclosure of a mortgage. The usual affidavit for service by publication on account of the nonresidence of the defendants was filed. Evidently thinking it advisable to follow the amended law of 1909 relating to constructive service, which is

somewhat ambiguous, a motion, and affidavit by the attorney for plaintiff was also filed, to the effect that, "At the time said mortgage was given, the defendants were residents of Elk Point, South Dakota; but that at the time said petition was filed plaintiff and its attorney did not know the residence or whereabouts of said defendants, and at this time said plaintiff and its attorney do not know the residence nor the whereabouts of said defendants; that said defendants cannot be found in this state, and that by reason thereof personal service of summons cannot be had upon said defendants."

An order was then made by the judge for service by publication. When the cause came on for hearing, the court found that due and legal notice of the pendency of the action had been given to each of the defendants, and rendered a decree of foreclosure. The land was sold at sheriff's sale, and the sale confirmed on February 4, 1913. On September 6, 1915, a motion was filed by one of the defendants to set aside the decree of foreclosure, for the reason that no service of summons was had in the action; that notice was had by publication, and that the court did not acquire jurisdiction of the person of said defendant, for the reasons that the petition failed to set out in the verification that the residence, or place of abode, of defendants was unknown to plaintiff; because the time fixed in the publication of notice for the defendants to answer did not comply with the provisions of the statute; and because the last day of publication was on July 4, which is a legal holiday.

At the hearing on the motion, the court found that the answer day named was four days later than the date fixed by law, and that "the verification to the petition does not set forth the fact that the residence or place of abode of the defendant is unknown to plaintiff and its attorney, as required by section 7640, Rev.

St. 1913. Because of the failure to verify the petition as by law required, and because the published notice fixed the answer day on a date other than that required by law, the court was without jurisdiction to render the judgment herein"—and the decree was set aside. Plaintiff appeals.

Prior to the passage of chapter 161, Laws 1909, amending section 77 of the Code (now section 7640, Rev. St. 1913), service upon nonresident defendants was made by filing the affidavit provided for in former section 78 of the Code (Rev. St. 1913, sec. 7641) and publishing the notice. No order of court was required. The amendment added the sixth subdivision, providing that in certain actions, where the residence, or place of abode, of any defendant, or defendants, are to the plaintiff and its attorney unknown, "whether said defendant or defendants may be residents or nonresidents of the state of Nebraska," such fact should be stated in the verification of the petition, and an application be made to the court, or judge, for an order authorizing service by publication.

The question is whether this amendment applies in all cases, or whether it only meant to meet the contingency that the defendants, or some of them, whose residence, or place of abode, was unknown, might be residents of this state.

Section 78 of the Code is not mentioned in the amending statute, and it is clear that it was not repealed by implication, because, if repealed, the anomalous condition would exist that, if the defendant was known to be a nonresident, and his place of residence was also known, there would be no provision in the statute for constructive service upon him. The amendment was designed to allow constructive service to be made upon residents of the state in certain actions *quasi in rem,* whenever the residence or place of abode of the defendant was unknown to the plaintiff and its attorney, and

service of summons could not be made upon them in the state.

Following the familiar rule that such a construction should be given as will harmonize apparently conflicting provisions of a statute, we hold that, in cases where it is known that the defendant, or defendants, are nonresidents of the state, service by publication may be had in the same manner as before the amendment; but where a defendant, or defendants, cannot be found in this state, and the pleader is in doubt as to whether he is, or they are, residents or nonresidents, the proper practice is to make the statutory averments in the verification to the petition, and then apply to the district court for an order for publication, as the amendment provides.

There is no bill of exceptions, and no finding that the defendants were residents of the state of Nebraska. It must be considered, therefore, that they were nonresidents, as alleged. All the requisites for constructive service on nonresidents had been complied with. The filing of the second affidavit and the procurement of the order were unnecessary and mere surplusage. The court had acquired jurisdiction by the first affidavit, and never lost it.

The complaints as to the date of answer day, and as to the last day of publication, came too late. These were mere errors, not affecting the jurisdiction, which should have been called to the attention of the court before the decree was rendered, or might have been taken advantage of on appeal, and, this not having been done, were cured by the decree.

The order setting aside the decree is reversed, and the proceeding dismissed.

REVERSED AND DISMISSED.