COUNTY OF DOUGLAS, APPELLANT, V. EMMA FEENAN ET AL., APPELLEES.

18 N. W. 2d 740

FILED MAY 18, 1945. No. 31920.

*Kelso Morgan* and *August Ross,* for appellant.

*Ziegler, Dunn & Becker,* for appellees.

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ.

WENKE, J.

From an order of the district court for Douglas County sustaining the special appearance of Lorena Katz, quashing the service by publication had upon her and holding that all proceedings had pursuant thereto be set aside and held for naught, the County of Douglas appeals.

For a better understanding of the case the following history is set forth: The action is a tax foreclosure. It was commenced on April 14, 1942, by the County of Douglas pursuant to and by authority of a resolution of the Board of County Commissioners, as provided by section 77-2039, Comp. St. 1929. The third cause of action relates to lot 2, block 195, original city of Omaha, and is the cause of action here involved.

On the same day the county attorney filed his affidavit therein, the pertinent part of which is as follows: "Affiants further say that the whereabouts, if in this State, the residence of, or places of abode of the following named defendants, to-wit: Lorena Katz, * * * are unknown to the affiants and after diligent investigation and inquiry affiants are un-

able to ascertain, and do not know the whereabouts if in this State, residences or places of abode of such defendants. * * * Affiants further say that personal service cannot be had upon the defendants named herein, and prays that constructive service by publication, in the manner and form as provided for by law may be had upon said defendants and each of them."

Thereafter, and on the same day, the court authorized service by publication. The pertinent parts of the order are as follows: " * * * the Court being fully advised and being satisfied that sufficient inquiry has been made by the plaintiff's attorneys and that they have been unable to ascertain and do not know the names or whereabouts, if in this State, or the residences of the following named defendants, * * * and that the residences of each and all said defendants is unknown to plaintiff's attorneys, and that personal service of summons cannot be had upon the said defendants within the state of Nebraska, said defendants being particularly described as follows: Lorena Katz * * * that the plaintiff be and it is hereby authorized to obtain service upon the above named defendants by publication * * * ."

Service by publication was made pursuant thereto, both upon Lorena Katz and the property. A decree of foreclosure was entered on June 2, 1942, based upon this service. Order of sale was issued on June 24, 1942. Notice was published, sale had of the property on July 29, 1942, and the property sold.

On October 24, 1944, Lorena Katz filed her special appearance and asked the court to quash the service by publication had upon her for the reason that at all times during the year 1942, and prior thereto for over 50 years she has been a resident of and domiciled in the state of Nebraska and that the constructive service upon her was null and void.

This special appearance was sustained on November 22, 1944. The court found that Lorena Katz was, at the time of the commencement of the action and at the time of the

taking of the decree, a resident of the state of Nebraska; that service of summons could have been had upon her within the state; and that no sufficient investigation had been made at the time of the filing of the affidavit for obtaining service.

The showing made at the hearing upon the special appearance establishes that Lorena Katz was, at the time the action was filed and at all times subsequent thereto, a resident of the state of Nebraska. It also establishes that the investigation and inquiry made as to her whereabouts, if in the state, or her residence was very limited.

This proceeding, which is in the form of a special appearance, was instituted after the term in which the decree was entered and after the time for appeal had passed. No question is raised as to the sufficiency of the affidavit or the order of the court authorizing service by publication. It is neither an equitable nor a statutory proceeding to modify, vacate or set aside an order after the term at which it was made, nor is it a direct appeal from the entry of the decree itself. Although filed in the original action, it is in effect a collateral attack.

"Where a judgment is attacked in other ways than by proceedings in the original action to have it vacated or reversed or modified or by a proceeding in equity to prevent its enforcement, the attack is a 'collateral attack.'" Restatement, Judgments, sec. 11a, p. 65. As stated in *Butler v. McKey*, 138 Fed. 2d 373: "A motion, made after expiration of time for direct appeal from default judgment, to quash service of summons by publication under California statute, must be considered under principles applicable to 'collateral attack' on judgment, though such motion is 'direct attack' on judgment. Code Civ. Proc. Cal. sec. 412; Federal Rules of Civil Procedure, rules 4 (d) (7), 86, 28 U. S. C. A. following section 723c." See *Davis v. Vinson Land Co.*, 76 Kan. 27, 90 Pac. 766.

Being in the form of a collateral attack, the only question before us is whether or not the decree entered is void. Restatement, Judgments, sec. 11, p. 65.

Cases such as *German Nat. Bank v. Kautter*, 55 Neb. 103, 75 N. W. 566; *Eayrs v. Nason*, 54 Neb. 143, 74 N. W. 408; *Welch v. Ayres*, 43 Neb. 326, 61 N. W. 635; *Hayes County v. Wileman*, 82 Neb. 669, 118 N. W. 478; and *Hassett v. Durbin*, 132 Neb. 315, 271 N. W. 867, are not in point. They were either determined prior to the addition of subsection six in 1909 to what is now section 25-517, R. S. 1943, or based solely on provisions thereof as to nonresidence. In either event no order of the court was necessary to authorize service. It could be had upon the affidavit alone. *West Nebraska Land Co. v. Eslick*, 102 Neb. 761, 169 N. W. 729. Some of these decisions contain statements as to a resident that support the appellee's contention, however, while applicable to those cases, they are not applicable here.

In the case of *Hassett v. Durbin, supra,* the court, in referring to the case of *Hayes County v. Wileman, supra,* said: " * * * that a judgment rendered on service by publication against a resident of this state on whom personal service might have been had was absolutely void; * * * ." Under the statute as it existed at the time of the opinion in *Hayes County v. Wileman, supra,* it was undoubtedly correct. Under the facts of the case of *Hassett v. Durbin, supra,* where service was obtained on the sole basis of nonresidence, it was also applicable. However, as a general statement of law, it is not applicable to the provisions of our present statute under which appellant proceeded.

Subsection six was added to what is now section 25-517, R. S. 1943, in 1909. As amended in 1921, this subsection provides: "Service may be made by publication * * * (6) in all actions wherein the subject matter is as described in subdivisions (1) or (4) of this section, whether the defendant be *a resident or nonresident* of this state, wherein it is alleged in the petition or other pleading that the plaintiff or person in whose behalf such allegations are made, *after diligent investigation and inquiry,* is unable to ascertain and does not know the whereabouts if in this state or the residence of persons named or designated as defendants to such action, and when the court in which such action is

docketed, or a judge thereof, *being satisfied that sufficient investigation has been made,* shall make an order in such action directing that service be had upon such defendant or defendants by publication." (Italics ours.)

The provisions of this statute expressly provide that service may be had upon a resident. The court can acquire jurisdiction of a person in the manner therein provided. Therefore, the sole fact that Lorena Katz was a resident of Nebraska and might have been served therein is not, by reason of the provision of the statute under which the appellant proceeded, sufficient to make the decree void.

However, in actions of this nature the statute provides, with regard to obtaining service by publication upon a resident, that the petition or other pleading must allege "that the plaintiff or person in whose behalf such allegations are made, after diligent investigation and inquiry, is unable to ascertain and does not know the whereabouts if in this state or the residence of persons named or designated as defendants * * * ." The statute does not require that it set forth the facts with reference to what investigation and inquiry was made but merely that it was made. Then the statute provides: " * * * when the court * * * , or a judge thereof, being satisfied that sufficient investigation has been made, shall make an order in such action directing that service be had upon such defendant or defendants by publication." At the time the application for order for service by publication is made, it is the court, or judge thereof, and not the parties, that is to determine the sufficiency of the investigation made and, if satisfied, to order such service.

That a party may, at the proper time, challenge the truth of the allegations in the affidavit in the proceedings itself has been determined in *Jackman v. Miller*, 119 Neb. 463, 229 N. W. 778, wherein we stated as follows: " * * * When, either before or after the entry of an order for service by publication, and before default is entered or judgment rendered, an objection is filed by an interested party impugning as untrue the facts alleged in plaintiff's affidavit, as in this case, then it becomes necessary for the court or judge

to set the matter for hearing, and determine whether or not the challenged allegations are true. *Welch v. Ayres,* 43 Neb. 326."

While the court may have erred in determining that the investigation and inquiry made by appellant was sufficient, however, after default and entry of decree the findings are final and conclusive unless vacated or set aside on appeal or by proper equitable or statutory proceedings.

That the sufficiency of the facts set forth in the affidavit, in jurisdictions where the statutes so require, or presented in support thereof, under statutes such as ours, for the purpose of obtaining an order of the court for service by publication cannot be questioned in a collateral attack thereon, has been held by other jurisdictions. In *Evans v. Weinstein,* 108 N. Y. Supp. 753, the court said: "Code Civ. Proc. sec. 439, authorizes an order for service by publication where it appears by affidavit that the plaintiff has been or will be unable with due diligence to make personal service of the summons. What is required is, not that the affiant, but the judge, shall be satisfied that the defendant is a nonresident, and that personal service cannot be made, even with due diligence. In *Belmont v. Cornen,* 82 N. Y. 256, the court said: 'If the affidavit, presented to a judge to whom application was made for such an order, contained allegations tending to show that efforts had been made to find the defendant within the state and that he was not there, the judge was by the section before referred to vested with jurisdiction to pass upon the question of the sufficiency of the proof of these facts; and, if the proof satisfied him, neither his order nor the judgment based thereon could be impeached collaterally.' " "A judgment rendered on constructive service of process, the requirements of the statute having been complied with, is as much protected against collateral impeachment as any other, and it cannot be shown collaterally that defendant was not in fact a nonresident as alleged, * * * ." 34 C. J., sec. 836, p. 535. "But we do not think that the judgment can ever be attacked in a collateral proceeding, simply because the affidavit for publication may

have been untrue. It would be against public policy, and the peace and good order of society, that such a thing should be done. * * * If so, then titles, resting upon judicial proceedings, where service has been made by publication only, is of but little value, and it must no longer be supposed that judicial proceedings import absolute verity." *Ogden v. Walters,* 12 Kan. 282. As stated in *Davis v. Vinson Land Co., supra*: "But whenever done, the finding amounts to an adjudication that all the steps required by law to bring the defendant into court have been taken. This determination establishes *prima facie* the jurisdiction of the court, and its subsequent judgments cannot be overthrown except for the causes and within the limitations prescribed by law. The question whether the facts stated in the affidavit are true or not is immaterial until challenged in some recognized legal proceeding for the vacation of valid judgments. (*Ogden v. Walters,* 12 Kan. 282; *Larimer v. Knoyle,* 43 Kan. 338, 22 Pac. 487; *Hammond v. Davenport et al,* 16 Ohio St. 177.)" See, also, *Butler v. McKey, supra; Winemiller v. Laughlin,* 51 Ohio St. 421, 38 N. E. 111; *Stevens v. Reynolds,* 143 Ind. 467, 41 N. E. 931.

In accordance with this opinion the cause is reversed with directions to overrule the special appearance.

REVERSED, WITH DIRECTIONS.