WILLIAM G. SCHMEHL, APPELLANT, v. BUFFALO COUNTY, NEBRASKA, ET AL., APPELLEES.

32 N. W. 2d 915

Filed June 29, 1948. No. 32361.

*S. E. Torgeson, L. Verne Halcomb,* and *Bernard F. O'Brien,* for appellant.

*O. A. Drake,* for appellees.

Heard before SIMMONS, C. J., PAINE, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ., and WESTERMARK, District Judge.

WESTERMARK, District Judge.

The appellant, William G. Schmehl, hereinafter called defendant, has requested a rehearing in this case. The former opinion is published *ante* p. 277, 30 N. W. 2d 882. That part of our opinion relative to constructive service seems too general and might be interpreted to be in conflict with former holdings of this court. Therefore, that part of the opinion relating to service by publication on the defendant is hereby clarified.

The applicable part of the affidavit for service by publication in the tax foreclosure action by Buffalo County relating to the defendant herein is as follows: "* * * that the defendants of the respectively enumerated causes of action named following are non-residents of the State of Nebraska, or such defendant's whereabouts, if in this state, and residence are unknown to plaintiff and its attorney; * * * 729, William G. Schmehl and ———— Schmehl, first real name unknown, his wife."

This affidavit came within the provisions of section 25-518, R. S. 1943, which, insofar as material here, provides: "Before service can be made by publication an affidavit must be filed that the case is one of those mentioned in section 25-517, and that the defendant to be served is a nonresident of this state * * *; or that such defendant's whereabouts, if in this state, and residence are unknown to the plaintiff or person in whose behalf such affidavit is made."

Pursuant to the affidavit the district court for Buffalo County ordered that service of process be had upon "William G. Schmehl and ———— Schmehl, first real

name unknown, his wife," by publication. This was done.

It will be observed that section 25-518, R. S. 1943, does not provide that an order of the court shall or may be had and we have held that no such order is necessary. See West Nebraska Land Co. v. Eslick, 102 Neb. 761, 169 N. W. 729.

The facts in this action show at all times the defendant was a resident of Cheyenne County, Nebraska. We know of no case wherein this court has held that, when service was obtained by proceeding under section 25-518, R. S. 1943, although an order of the court was obtained, jurisdiction of the person of the defendant was obtained who was actually a resident of the state. Under those facts, the court had no jurisdiction of the person of the defendant. Further, there having been no proper service of process by publication on the defendant, the court did not acquire jurisdiction of defendant's property involved in the action. " 'This process, being first in order, is also of primary importance in the institution of a suit either at law or in equity; for its due service, actually or constructively, is necessary to give the court jurisdiction either of the defendant, in personal actions, or of the thing, in actions in rem.' " Armstrong v. Griffith, 94 Neb. 515, 143 N. W. 461.

It may be well to point out that if the affidavit and order had been under subsection six of section 25-517, R. S. 1943, the result would have been exactly the opposite.

In 1909 the Legislature amended section 77 of the Code of Civil Procedure by adding a sixth subdivision thereto as follows: "Sixth,- In all actions wherein the subject matter is as described in the First or Fourth Sub-divisions of this section and where the residence or place of abode of any defendant or defendants are to the plaintiff and his attorney unknown, whether said defendant or defendants may be residents or non-residents of the state of Nebraska, that in such cases the fact that

the residence or place of abode of said defendants are unknown to said plaintiff and his attorney shall be set out in the *vaification* to the petition filed by plaintiff in such action. That after the filing of such petition the plaintiff may apply to the District Court or to the Judge thereof in vacation, setting out in such application that the said defendant or defendants cannot be found in this state and that the residence or place of abode of such defendants are to said plaintiff and his attorney unknown and that by reason thereof personal service cannot be had upon said defendants, and praying for an order authorizing service upon such defendants by publication. The Court or Judge thereof in vacation shall hear said application and shall require any other and further showing relative to the allegations in such application and upon the full hearing of such application the Court or Judge thereof, if in vacation, shall, if satisfied that the residence and place of abode of said defendants or any of them are to said plaintiff and his attorney unknown and by reason thereof personal service cannot be had upon such defendant, enter an order in said action directing service to be had upon said defendants by publication, which publication shall be in manner and form as provided by the Code of Civil Procedure of the State of Nebraska for obtaining constructive service upon non-resident defendants." Laws 1909, c. 161, § 77, p. 575.

In this subsection the Legislature has authorized the court to enter an order and in West Nebraska Land Co. v. Eslick, *supra,* we said: "Following the familiar rule that such a construction should be given as will harmonize apparently conflicting provisions of a statute, we hold that, in cases where it is known that the defendant, or defendants, are nonresidents of the state, service by publication may be had in the same manner as before the amendment; but where a defendant, or defendants, cannot be found in this state, and the pleader is in doubt as to whether he is, or they are, residents or nonresidents,

the proper practice is to make the statutory averments in the verification to the petition, and then apply to the district court for an order for publication, as the amendment provides."

Subsequently, in 1921, the Legislature amended this same subsection six to read as follows: "Sixth - In all actions wherein the subject matter is as described in the first or fourth subdivisions of this section whether the defendant be a resident or non-resident of this state, wherein it is alleged in the petition or other pleading that the plaintiff or person in whose behalf such allegations are made, after diligent investigation and inquiry, is unable to ascertain and does not know the whereabouts if in this state or the residence of persons named or designated as defendants to such action, and when the court in which such action is docketed or a judge thereof, being satisfied that sufficient investigation has been made, shall make an order in such action directing that service be had upon such defendant or defendants by publication." Laws 1921, c. 222, § 81, p. 798.

Pursuant thereto in County of Douglas v. Feenan, 146 Neb. 156, 18 N. W. 2d 740, 159 A. L. R. 569, we held: "In certain kinds of actions subsection six of section 25-517, R. S. 1943, provides for service by publication upon a resident of the state when, after diligent investigation and inquiry, the whereabouts, if in this state, or residence of such person cannot be ascertained and is not known.

"When a sufficient affidavit therefor has been filed and, as provided by subsection six of section 25-517, R. S. 1943, an order of the court entered finding that sufficient investigation has been made and ordering service by publication, such order is conclusive and binding upon the parties until modified, vacated or set aside either on appeal or in an equitable or statutory proceeding instituted for that purpose and is not subject to collateral attack.

"When, pursuant to such authorization, a sufficient notice is published in the manner provided by statute and

a judgment or decree is entered thereon, such judgment or decree is not void because of lack of jurisdiction of the parties so served. It is final and binding on the parties until modified, vacated or set aside either on appeal or in an equitable or statutory proceeding instituted for that purpose and is not subject to collateral attack."

The defendant filed objections to confirmation before the hearing on confirmation. By doing so he submitted himself and his property to the jurisdiction of the court. The law applicable thereto is set forth in the former opinion and a further discussion of the law applicable thereto would serve no useful purpose here.

The request for a continuance for the hearing on confirmation was addressed to the county attorney. As pointed out in the former opinion, he did nothing to mislead the defendant. Further, the application for a continuance would have been proper only if made to the court. This was not done.

The appeal presents nothing upon which relief in favor of the defendant can be predicated. Therefore, the request for a rehearing is denied and, as in the former opinion, the judgment of the district court is affirmed.

AFFIRMED.