14 477
28 257
29 350

---

THE STATE OF NEBRASKA, EX REL. SCHOOL DISTRICT OF OMAHA, PLAINTIFF IN ERROR, V. WILLIAM F. HEINS, TREASURER, DEFENDANT IN ERROR.

**School Fund**: CONSTITUTIONAL LAW. It is the true intent and meaning of the first clause of sec. 5 of art. VIII. of the constitution of the state, that all fines, penalties, and license money arising under the general laws of the state shall be paid over to the counties respectively where the same may be levied or imposed, and appropriated exclusively to the support of common schools in the several school districts of such county.

ERROR to the district court for Douglas county. Tried below before SAVAGE, J.

*George W. Doane,* for plaintiff in error.

*J. C. Cowin,* for defendant in error.

COBB, J.

The school district of the city of Omaha made its rela-
tion on behalf of the state, and entered its motion in the
district court of Douglas county for a writ of mandamus
against William F. Heins, county treasurer of Douglas
county, commanding him to appropriate exclusively to the
use and support of the common schools in the city of Oma-
- ha, and for that purpose to pay over to the city treasurer
of the city of Omaha, as *ex officio* treasurer of the board of
education of said school district of Omaha, for the use of
said school district, all moneys which have come into his
hands from the police judge of said city of Omaha for
fines, penalties, and forfeitures collected for offenses against
the ordinances of said city of Omaha, or for misdemeanors
against the laws of said state of Nebraska, committed with-
in said city of Omaha, etc., which said motion and rela-
tion were accompanied by the affidavit of the secretary of
the board of education of said school district to the effect
that on the 20th day of December, 1881, he called in his
official capacity as such secretary upon William F. Heins,
treasurer of said county of Douglas, and was informed by
him that Gustave Beneke, police judge of said city of Oma-
ha, had paid into his, the said Heins', hands, as such treas-
urer, on the 4th day of November, 1881, the sum of $728.-
80, as the proceeds of fines and penalties collected by him,
the said Beneke, as such police judge, for misdemeanors
against the laws of the state of Nebraska committed with-
in the said city of Omaha; that thereupon the said secre-
tary demanded of the said William F. Heins that he
should appropriate the fund so paid into his hands by the
said Beneke to the use and support of the common schools

JULY TERM, 1883.        479

in the said city of Omaha, and for that purpose should pay the same over to the city treasurer of the city of Omaha, as *ex officio* treasurer of the board of education of said school district of Omaha, which the said Heins then and there refused to do, claiming that he was required under the constitution and laws to appropriate said fines to the use and support of the common schools in the various districts of the county of Douglas. Upon the hearing of said relation the same was overruled and such writ of mandamus refused, whereupon the said school district brings the cause to this court by petition in error.

Sec. 5 of Art. VIII. of the constitution, provides as follows:

"5.    All fines, penalties, and license money arising under the general laws of the state shall belong and be paid over to the counties respectively where the same may be levied or imposed, and all fines, penalties, and license moneys arising under the rules, by-laws, or ordinances of cities, villages, towns, precincts, or other municipal subdivisions less than a county, shall belong and be paid over to the same respectively. And all such fines, penalties, and license moneys shall be appropriated exclusively to the use and support of common schools in the respective subdivisions where the same may accrue." We are without the benefit of a brief of counsel in this case, but from our memory of the short oral statement made at the bar we understand the position of the relator to be that the words "all such fines, penalties, and license money," as used in the latter part of the section, apply as well to the fines, penalties, and license money arising under the general laws of the state as to the "fines, penalties, and license money arising under the rules, by-laws, or ordinances of cities, villages, towns, precincts, or other municipal subdivisions less than a county."

While the point raised is not entirely free from difficulty, yet we think that we cannot agree to the proposition

without not only denying to the section, taken as a whole, its plain intent and meaning, but also violating that universal canon of construction which requires that, when possible, some force and effect be given to every sentence and word of a statute. The construction contended for cannot be given to the section without entirely rejecting the first clause, while by construing it to mean that the fines, etc., arising under the .general laws of the state be paid over to the counties respectively where the same may be levied or imposed, and when so paid shall constitute a part of the school fund of such county, etc., effect and meaning is given to every word of the section, and a meaning, too, which is consistent with the balance of the section and the scope and obvious intent of the article.

The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.