STATE OF NEBRASKA, EX REL. HUBBELL PEPPER, RELATOR, v. GUS V. SPEICE, RESPONDENT.

Recognizance: FORFEITURE. Where a party charged with felony secures a change of venue, and enters in a recognizance for his appearance before the district court of the county to which the venue is changed, and afterwards fails to appear, and his recognizance is forfeited, and the amount thereof paid by his surety, the money will belong to the county in which the accused was recognized to appear—there being no provision of the statute requiring its payment to the county where the indictment was found.

ORIGINAL application for a writ of mandamus.

*George P. Sheesley,* for relator, cited: *Stanton v. Madison County,* 10 Neb., 306. Comp. Stats., Sec. 2, Art. 2, Ch. 80. Crim. Code, Sec. 534.

*John M. Gondring,* for respondent.

MAXWELL, J.

This is an application for a peremptory writ of mandamus. The relator alleges in his petition that he is the county treasurer of Butler county, and " that, at the December, 1885, term of the district court of said Butler county, a certain indictment was preferred against one

James Robert Williams, for the crime of forgery, and he, the said Williams, was admitted to bail in the sum of $1,000; that at the June, 1886, term of said district court of Butler county, the said James Robert Williams made application for a change of the place of his trial on the said charge, and it was by the court ordered that the place of the trial of said Williams on the charge aforesaid be changed from said Butler county to the district court of Platte county, Nebraska; that on the 15th day of June, 1886, the said James Robert Williams appeared at the court-house in Columbus, in said Platte county, before A. M. Post, judge of the 4th judicial district, in custody of the sheriff of Platte county, upon a warrant of change of venue from Butler county, as aforesaid, and he, the said Williams, applying to the said judge to be admitted to bail, and the said judge finding that the amount of bail of said Williams was by the district court of said Butler county fixed at the sum of $1,000, it was accordingly ordered by the judge that the said James Robert Williams be admitted to bail by giving a sufficient recognizance, in the sum of $1,000, for his appearance at the first day of the next succeeding term of the district court of said Platte county, which said recognizance was then and there given by the said Williams, with one Richard S. Norval as his surety, which was then and there by the said judge approved, and thereupon the said Williams was released from the custody of the sheriff, as aforesaid; that at the next term of the district court of said Platte county, to-wit, on the 28th day of October, 1886, the said Williams not appearing at said court to answer to the charge aforesaid, a forfeiture of the said recognizance was taken against the said James Robert Williams, and Richard S. Norval, his surety, and entered on the records of said district court; that on the 28th day of February, 1887, action was brought in the district court of Platte county by John M. Gondring, county attorney of Platte county, and George P. Sheesley, county attorney

of Butler county, in the name of the state of Nebraska, against the said James Robert Williams and Richard S. Norval, to recover the amount of the said forfeited recognizance, to-wit, $1,000, and on the 27th day of October, 1887, judgment for the said amount of $1,000, was rendered against the said Richard S. Norval in said action, as surety on the said forfeited recognizance; that at the time the said judgment was rendered the respondent, Gus. B. Speice, was, and ever since that time has been, and now is, the clerk of the district court of said Platte county.

"On the 10th day of December, 1887, the said Richard S. Norval paid the full amount of said judgment, $1,000, to the said Gus. B. Speice, in his official capacity as clerk of the district court of Platte county, and the said Gus. B. Speice, as such officer, received the said amount in satisfaction of said judgment. The said respondent, Gus. B. Speice, has not paid the said amount, received by him as aforesaid, to the county treasurer of Butler county Nebraska, as he is by law required to do, but, on the contrary, neglects and refuses to pay the said money to the said county treasurer, though the same has been demanded of him by the relator, as treasurer of said Butler county, and the said Gus. B. Speice still holds and retains the said money as clerk of the district court of said Platte county.

"The relator further alleges that all the costs of the prosecution of the said James Robert Williams, including the costs made therein in said Platte county, by reason of the change of venue aforesaid, have been paid out of the treasury of said Butler county, and amounting in all to more than ...... hundred dollars."

Sec. 346 of the criminal code provides that, "When any person charged with the commission of any bailable offense shall be confined in jail, whether committed by warrant under the hand and seal of any judge or magistrate, or by the sheriff or coroner under any warrant upon indictment found, it shall be lawful for any judge of the

State v. Speice.

supreme court, judge of the district court within his district, or probate judge within his county, or police judge within the city of his jurisdiction, to admit such person to bail, by recognizing such person in such sum and with such securities as to such judge shall seem proper, conditioned for his appearance before the proper court, to answer the offense wherewith he may be charged."

Sec. 349 provides: "In all cases, when a judge or examining court shall recognize a prisoner under the provisions of the four preceding sections he shall forthwith deposit with the clerk of the proper court, the recognizance so taken, and also a warrant directed to the jailer requiring him to discharge the prisoner."

Sec. 350 provides: "When any person who is a surety in a recognizance for the appearance of any defendant before any court in this state desires to surrender the defendant, he shall, by delivering the said defendant in open court, be discharged from any further responsibility on said recognizance; and the said defendant shall be committed by the court to the jail of the county, unless he shall give a new recognizance, with good and sufficient sureties in such amount as the court may determine, conditioned as the original recognizance."

Sec. 351 provides: "In all cases of bail for the appearance of any person or persons charged with any criminal offense, the security or securities of such person or persons may, at any time before judgment is rendered upon *scire facias* to show cause why execution should not issue against such security or securities, seize and surrender such person or persons charged as aforesaid, to the sheriff of the county wherein the recognizance shall be taken."

Sec. 352 provides: "And it shall be the duty of such sheriff, on such surrender and the delivery to him of a certified copy of the recognizance by which such security or securities are bound, to take such person or persons, so charged as aforesaid, into custody, and by writing acknowl-

edge such surrender, and thereupon the security or securities shall be discharged from any such recognizance, upon payment of all costs occasioned thereby."

Section 383 provides : " Whenever a transcript or recognizance shall be returned to the clerk, it shall be his duty to enter the cause upon the appearance docket of the court, together with the date of the filing of the transcript and recognizance, the date and amount of the recognizance, the names of the sureties and the costs; whereupon the same shall be considered as of record in such court and proceeded on by process issuing out of said court, in the same manner as if such recognizance had been entered into before such court," etc.

Sec. 385 provides : " Whenever such recognizance shall have been forfeited as aforesaid, it shall be the duty of the prosecuting attorney of the county in which the recognizance *was taken*, to prosecute the same by civil action for the penalty thereof; and such action shall be governed by the provisions of the code of civil procedure, so far as the same may be applicable."

There are other provisions requiring the payment of fines and penalties into the county treasury for the use of the common schools of the county. It will thus be seen that the recognizance must be given in the county where the accused is required to appear at court. If he fails to appear, the recognizance is to be declared forfeited, and the county attorney of that county is authorized to recover the amount of the recognizance. The amount, when recovered, is to be paid into the treasury of that county. The matter is regulated entirely by statute. Where the venue is changed, the statute provides that the county in which the crime is alleged to have been committed shall bear the expense of the trial in the second county, but there is no provision that in case the person recognized fails to appear, the forfeiture shall inure to the benefit of the first county. The purpose of a recognizance

is to secure the attendance of the party recognized. The payment of the penalty is considered a mere possibility— to be paid only in case of the failure to produce the body of the defendant. The law favors the sureties, and aids them as far as possible to secure the body of the accused, and enforces the penalty as a last resort. In the administration of the criminal law the procedure pointed out in the statute is to be substantially followed, and costs and penalties imposed as therein directed. The court, no doubt, in a proper case may adjust the equities between counties, but it cannot without statutory authority take the money derived from a forfeiture of a recognizance in Platte county and compel its payment to the treasurer of Butler county. Neither can the criminal law be used as a source of revenue to any county; nor is the money derived from forfeiture of recognizance so considered. There being no law requiring the defendant to pay the money in question to the relator, the writ must be denied.

WRIT DENIED.

THE other judges concur.