## STATE, EX REL. SCHOOL DISTRICT, v. WARREN E. FENTON.

[FILED APRIL 8, 1890.]

**Schools:** LICENSE MONEY: DISTRIBUTION. Money received for liquor license, issued by a county board, belongs exclusively to the support of the common schools of the county in which the license was issued, and not to the school district in which the liquors are sold.

ORIGINAL application for *mandamus.*

*George H. Stewart,* for relator.

*John B. Anderson, contra.*

NORVAL, J.

This is an application for a *mandamus* to compel the respondent to pay certain money received by him, as county treasurer, for a liquor license issued by the county board of Frontier county. The cause is submitted upon the written stipulation of the parties that the allegations of the petition are true. It alleges:

"First—That the relator is a duly designated and organized school district of Frontier county, and a subdivision thereof organized for school purposes.

"Second—That the defendant is the duly elected, qualified, and acting treasurer of said Frontier county, Nebraska.

"Third—That the relator is not a part of or within the limits of an incorporated city or village of said county and state, and was not within the limits of an incorporated city or village on April 19, 1887, and has at no time before or since said April 19 been within the limits of an incorporated city or village.

"Fourth—That on the 18th day of April, 1887, one U. Schlegel, a resident of said Frontier county, Nebraska, presented to the board of commissioners of said county, then sitting as such, a petition duly and legally signed as by law required, praying that a license issue to him to vend malt, spirituous, and vinous liquors in Moorfield, Frontier county, Nebraska.

" Fifth—That Moorfield is not incorporated as a city or village under the laws of Nebraska and lies wholly within the subdivision of school district No. 38, the relator herein.

" Sixth—That on the 19th day of April, 1887, the said board of commissioners of said county of Frontier issued to the said U. Schlegel a license as provided by chapter 50 of the Compiled Statutes of Nebraska, and on said day he, the said U. Schlegel, paid into the county treasury of said Frontier county the sum of $500, the fee fixed and required by said board for the license so issued.

" Seventh—That said sum of $500 so fixed and paid as aforesaid, was, by the county treasurer of said Frontier county, made a part of and appropriated to the common school fund of said county.

" Eighth—That the relator has demanded that defendant pay and appropriate said sum of money, so paid as aforesaid, to the exclusive use and support of the common schools of school district No. 38, and to pay the same to the duly elected, qualified, and acting treasurer of this relator, but said defendant refused and still refuses to so appropriate and pay said money."

It is conceded that the money in controversy was received by the respondent for a liquor license issued under the general laws of the state. Its disposal is controlled by sec. 5, art. 8, of the constitution, which provides that " all fines, penalties, and license moneys arising under the general laws of the state shall belong and be paid over to the counties, respectively, where the same may be levied or imposed, and all fines, penalties, and license moneys arising

under the rules, by-laws, or ordinance of cities, villages, towns, precincts, or other municipal subdivision less than a county shall belong and be paid over to the same respectively. All such fines, penalties, and license moneys shall be appropriated exclusively to the use and support of common schools in the respective subdivisions where the same may accrue."

It is evident that the above quoted section appropriates the money in dispute to the support of the common schools of Frontier county. Money received for liquor license issued under the state law does not belong to the school district where the business is carried on, but to the use of all the schools within the jurisdiction of the body granting the license. (*State, ex rel. School District of Omaha, v. Heins*, 14 Neb., 477.) It follows, therefore, that the respondent was right in appropriating this money to the common school fund of his county. The writ is therefore denied.

WRIT DENIED.

THE other judges concur.