WILLIAM R. KING, CITY TREASURER, v. STATE OF NEBRASKA, EX REL. SCHOOL DISTRICT No. 1, HALL COUNTY.

FILED DECEMBER 16, 1896. No. 8525.

1. **Mandamus:** ALTERNATIVE WRIT. The facts recited in an alternative writ of *mandamus*, unaided by extrinsic matter, must be sufficient to entitle to the issue of a peremptory writ.

2. ———: ———: DEMURRER. On a demurrer to the recitations in the alternative writ, all such recitations must be considered; and the refusal of compliance upon certain grounds by the respondent will be *held* to excuse technical exactness in stating why, on other grounds, the relator is entitled to the relief sought.

3. **Schools:** FINES AND LICENSE FEES: DISTRIBUTION. Where fines, penalties, or license moneys are in the hands of the treasurer of a city of the first class having over 8,000 and less than 25,000 inhabitants, such moneys are properly distributable among the common schools which territorially constitute a part of the city.

ERROR from the district court of Hall county. Tried below before THOMPSON, J. *Affirmed.*

*George H. Thummel,* for plaintiff in error.

*Charles G. Ryan, contra.*

RYAN, C.

An application for a *mandamus* was made in the district court of Hall county on the relation of school district No. 1 to compel the defendant to pay certain money. The alternative writ recited the facts in this language: "It has been suggested to this court by the affidavit of Henry

Giese, treasurer of school district No. 1, Hall county, relator herein, that you have during the period between the 9th day of April, A. D. 1895, and the 10th day of July, A. D. 1895, both days inclusive, received, collected, and had paid over to you, as city treasurer of the city of Grand Island, Nebraska, the sum of $8,638.20 as fines, penalties, and licenses paid in said city, which city is a city of the first class governed by the provisions relative to cities over 8,000 and less than 25,000, and that the schools of said city are under the direction and control of a board of education consisting of nine members, as by the statute provided, and    *    *    *    it appears that, under the statutes of the state of Nebraska for such cases made and provided, the sum of $258.91 is due to the said school district No. 1, Hall county, Nebraska, of said moneys so collected and received, as its *pro rata* share according to the school census taken for the year 1894 in said school district No. 1, and in said school district of Grand Island, school districts Nos. 30, 38, and 74, which districts form in part or whole the corporate limits of said city of Grand Island, and it further appearing to the court that the relator made due and legal demand upon you for the said sum of $258.91, its *pro rata* share of the said moneys so collected and received by you as above set forth, and that you refused, and still do refuse, to pay to the said relator, or its treasurer, the said sum of $258.91, or any part thereof, but hold the same claiming that said money belongs in whole to the school district of the city of Grand Island, in the county of Hall, in the state of Nebraska, and that you did then and still do refuse to pay to said relator, or its treasurer, the said sum, or any part thereof, as by law in such cases made and provided, and that the relator is unable to procure from you the said money, or any part thereof, according to the duly filed petition of said relator heretofore filed in this court." The above recitations were followed by an alternative order requiring performance within the time therein specified, or that cause be shown for not

complying with such mandate. To the facts above recited as being contained in the alternative writ the defendant filed a general demurrer, which was overruled, to which ruling he excepted, and, electing to stand on his demurrer, a peremptory writ was ordered to issue.

Section 653 of the Code of Civil Procedure provides that no other pleading or written allegation is allowed than the writ and answer, and we must therefore determine the sufficiency of the facts upon the recitations of the writ unaided by anything which preceded it. Whether these were sufficient to entitle to the relief prayed is not wholly free from doubt. It is recited that "it appears that, under the statutes for the state of Nebraska for such cases made and provided, the sum of $258.91 is due to school district No. 1 of Hall county, Nebraska, of said moneys so collected, as its *pro rata* share according to the school census taken for the year 1894 in said school district No. 1, and in the said school district of the city of Grand Island, school districts Nos. 30, 38, and 74, which said districts form in part or whole the corporate limits of the city of Grand Island." This we admit was faulty, in that it did not state in detail the facts from which it appears how the sum of $258.91 became due to school district No. 1. The language last above quoted from the alternative writ bordered very closely upon mere conclusions as distinguished from statements of fact. The defendant, however, demurred to these statements, and a demurrer should not be made to perform the functions of a motion for a more specific statement. It admitted to be true all the facts stated in the alternative writ, one of which was that respondent, as treasurer of the city of Grand Island, had collected a certain sum as fines, penalties, and licenses, of which, under the statutes of this state and its *pro rata* share according to the school census taken for the proper year, it was the duty of the respondent to pay to the district No. 1 the sum of $258.91; that on demand the respondent had refused to pay any part of the

sum due said district, claiming that said money belonged wholly to the school district of the city of Grand Island. It appears to us that as defendant based his refusal to pay this sum on the ground that the school district of the city of Grand Island was alone entitled to it, the same technical exactness in describing the right of district No. 1 to this particular amount ought not to be required, as the defendant might insist upon if there was a question made as to what the school census disclosed. The respondent was not required to pay to school district No. 1 without satisfactory evidence. This it was entitled to receive, but as he saw fit to base his refusal solely on another ground, the sufficiency of that ground to justify the refusal is all that at this stage of the proceedings he should be permitted to question. We therefore conclude that in so far as the technicality of statements in the writ is thereby involved, there is no reversible error in overruling the demurrer.

This brings us to the next contention of the plaintiff in error, and that is that the views expressed by this court in *State v. Fenton*, 29 Neb., 348, are applicable to the case under consideration. The first criticism under this head is that the defendant acted as city treasurer and as treasurer of the school district, wherefore it is urged that it does not appear that he should be required to make the payment demanded. The recitation in the writ is that the collection was made as treasurer of the city of Grand Island. This recitation, for the purposes of the demurrer, is conclusive of the capacity in which the respondent was acting when he received the money which it is now sought to compel him to pay. Again, it is urged that *State v. Brodboll*, 28 Neb., 254, and *State v. Fenton*, *supra*, were decided under the statute applicable to school districts which levied taxes and collected their revenue in the same manner as did any other school district in their respective counties. We have been informed of no reason why the mere fact that the village in which was situated either of these school districts did not, as such, levy

taxes for the support of schools should control the following unequivocal language of section 5, article 8, of the constitution: "All fines, penalties, and license moneys arising under the general laws of the state shall belong to and be paid over to the counties, respectively, where the same may be levied or imposed; and all fines, penalties, and license moneys arising under the rules, by-laws, or ordinances of cities, villages, towns, precincts, or other municipal subdivisions less than a county shall belong to and be paid over to the same, respectively. All such fines, penalties, and license moneys shall be appropriated exclusively to the use and support of the common schools in the respective subdivisions where the same may accrue." In this case it is merely sought to compel the treasurer of Grand Island, one of the above referred to subdivisions of the state, to pay a school district composing a part of this subdivision the *pro rata* share of the money to be used for school purposes to which it is entitled. To this demand it is no answer to say that Grand Island is governed by a board consisting of nine members, and raises school revenues by virtue of a power of taxation vested in this subdivision and denied to country school districts. Another matter discussed by the defendant is the holding of the two cases last cited, that the division of school moneys arising from fines, etc., should be made equally between the school districts of which the village in which they are situated is composed. Under the statutes as they then stood there was no ratio of apportionment prescribed. Since that time there has been enacted chapter 63, Laws of 1895, of which act the first section is as follows: "That in cities and villages whose corporate limits form, in whole or in part, more than one school district, all money derived from fines, penalties, and licenses shall be apportioned to these several districts in proportion to the number of persons of school age residing in each district included, in whole or in part, in said corporate limits, according to the school census taken last before any such apportionment." This

·change in the statute necessitated the method of apportionment indicated by the language of the alternative writ, and with this modification the language of the opinions referred to is applicable to the case under consideration. The judgment of the district court is

AFFIRMED.