## THE STATE OF KANSAS v. ROBERT JUNE.

### No. 11,747.  (64 Pac. 983.)

#### SYLLABUS BY THE COURT.

BOND—*Deposit of Money—Disposition after Forfeiture.* Where, after conviction in the district court of Dickinson county, for a felony alleged to have been committed in that county, a defendant appeals to this court, and a bond is here given to stay execution pending appeal, and afterward, the judgment of the court below being affirmed, the appellant is ordered to surrender himself to the sheriff of Dickinson county, but fails so to do, and the bond is subsequently declared forfeited by this court, such forfeiture inures to the benefit of the school fund of Dickinson county, where the forfeiture was incurred, and not to the school fund of Shawnee county, within which this court was sitting at the time such forfeiture was adjudged.

Original proceeding, by motions, for the disposition of funds deposited, as additional security, by a surety on appellant's bond, and forfeited. Opinion filed May 11, 1901. Division one. Awarded to Dickinson county.

*S. S. Smith*, county attorney, for the treasurer of Dickinson county.

*A. P. Jetmore*, county attorney, for the treasurer of Shawnee county.

*Hurd & Hurd*, for the Abilene National Bank.

The opinion of the court was delivered by

ELLIS, J.: This is a controversy between the Abilene National Bank, of Abilene, Kan., the treasurer of Dickinson county, and the treasurer of Shawnee county, growing out of a deposit of money with the clerk of this court as additional security and to supplement a bond to stay execution, pending an appeal from a conviction of felony in the district court of Dickinson county.

Having been convicted of the crime of embezzlement in the district court of Dickinson county, Robert June appealed to this court and tendered a bond for stay of execution. The justices of the court present at the time being in doubt as to whether such bond was sufficient, W. C. June, a son of the defendant, and one of the sureties on the bond, offered to deposit with the clerk of the court, as additional security and to supplement the bond, the sum of $1000 in money, upon condition that it should be returned to him in case Robert June should surrender himself to the sheriff of Dickinson county when required by the order of this court, and forfeited in case the appellant should fail to comply with such order. The deposit was accepted, and appellant was released from custody. Afterward the case was heard in this court, the judgment of the court below affirmed, and appellant ordered to surrender to the sheriff of Dickinson county. The appellant failed to comply with such order but fled to a foreign country, and, upon notice to his attorneys and to W. C. June, personally, the bond and deposit were forfeited by order of this court.

The Abilene National Bank, a judgment creditor of Robert June, instituted proceedings in garnishment and sought to reach the fund in the hands of the clerk, as the property of its judgment debtor, and it is agreed that the parties to such proceedings shall abide by the decision herein. The treasurer of Shawnee county appeared by leave of this court, and applied for an order requiring the clerk to pay the money to him for the benefit of the common schools of his county, and a similar motion was filed by the treasurer of Dickinson county, asking that the fund be paid to him. The Abilene National Bank, upon permission duly granted

also filed a motion claiming the money on the ground that it was furnished to the depositor by Robert June, at or about the time the former made the deposit with the clerk of this court, and that because said Robert June had obtained the money by false and fraudulent representations from the bank it ought to be regarded as a trust fund and restored to its rightful owner.

Testimony has been taken by depositions, and, by stipulation, the evidence introduced in the district court of Dickinson county in the case of The State v. Robert June is, so far as applicable, to be considered by this court.   We have patiently perused that record and the depositions, and are of the opinion that the money deposited belonged to W. C. June, and that no part of it came from Robert June or from the bank at any time.   This conclusion is sustained by a clear preponderance of the evidence, and it is decisive of the claims of the bank.   Neither under its proceeding in garnishment nor upon its application made direct to this court can the bank be awarded the money, and it is unnecessary for us to decide whether, if the fund had been derived from the bank, or from the proceeds of property purchased with money supplied by the bank, it could be impressed with a trust in its favor.

W. C. June is not entitled to recover the money. By failing to appear and make claim to it, or to except to the judgment of this court declaring it forfeited, he must be held to have waived his right, if any he had, to reclaim the deposit, and as to the power of this court to control and award said fund to the lawful claimant he cannot now be heard.   By that judgment he is forever concluded.   It is unnecessary for us to determine whether a stay of execution against a person convicted of felony may be granted

by this court or one of its justices upon a deposit of money with the clerk in lieu of giving the bond prescribed by chapter 127 of the Laws of 1889. (Gen. Stat. 1901, § 5725.) The parties now before us are not in a position to raise that question.

The application of the treasurer of Shawnee county must be denied. The forfeiture, treating the double security as though an ordinary bond to stay execution had alone been given, was *incurred* in Dickinson county, and the mere fact that it was *declared* by this court sitting at the capital of the state within Shawnee county does not give to that county a greater right to the fund than is possessed by any other county in Kansas. (Const., art. 6, § 6; Gen. Stat. 1901, § 5770; *County of Galveston v. Noble,* 56 Tex. 575; *State v. Speice,* 24 Neb. 386, 38 N. W. 837; *Decatur County v. Maxwell,* 26 Iowa, 398.)

It follows that the cash deposit belongs to the fund for the support of common schools of Dickinson county, and an order will be made by this court requiring it to be paid to the treasurer of that county.

DOSTER, C.J., SMITH, POLLOCK, JJ., concurring.