SCHOOL DISTRICT OF OMAHA, PLAINTIFF, v. THOMAS GASS ET AL., DEFENDANTS.

FILED JUNE 19, 1936. No. 29854.

*Frank H. Woodland,* for plaintiff.

*John J. Ledwith* and *Peterson & Devoe,* for defendants.

Heard before GOSS, C. J., GOOD, DAY, PAINE and CARTER, JJ., and BLACKLEDGE and LANDIS, District Judges.

PAINE, J.

A declaratory judgment is sought, to determine how funds collected by the state liquor control commission as state license fees, and paid to the state treasurer, and by him credited to the state school fund, shall be distributed.

The School District of Omaha filed a petition in an original action on April 4, 1936, asking this court to enter a declaratory judgment as to the rights of the

plaintiff in liquor license moneys paid to the state treasurer by the state liquor control commission, and named as defendants in such original suit the members of the Nebraska liquor control commission, the state treasurer, the state auditor of public accounts, and Charles W. Taylor, as superintendent of public instruction of the state of Nebraska. In said petition it is alleged that the construction placed upon the Nebraska liquor control act, being House Roll No. 128 (Laws 1935, ch. 116, Comp. St. Supp. 1935, sec. 53-301 *et seq.*) approved by the governor May 24, 1935, by the various state officers who are named as defendants herein is contrary to the terms of the law, and creates a controversy between the plaintiff and the defendants, and involves justiciable issues between the parties hereto which entitle them to relief under the declaratory judgment act, sections 20-21,140 *et seq.,* Comp. St. 1929.

It is further alleged in said petition that, for the period beginning May 24, 1935, when the act went into effect, and ending December 31, 1935, there was paid to the state liquor control commission, and by it paid to the state treasurer, license moneys for the manufacture and sale at wholesale and retail of alcoholic liquor, including beer, from within the city of Omaha the sum of $47,445, which sum should have been paid over to Douglas county for the benefit of the plaintiff school district of Omaha, but that, under the construction placed upon said act by the defendant state officers, there was paid to the plaintiff school district only the sum of $11,910, and a balance of more than $30,000, which plaintiff claims was due to the plaintiff school district, was paid to other school districts in the state of Nebraska by order of the state superintendent of public instruction.

It is further alleged in said petition that subdivision 10, sec. 53-316, Comp. St. Supp. 1935, of the Nebraska liquor control act, vests in said liquor control commission the power and duty to "receive, account for and turn over to the state treasurer state license fees and taxes provided

for in this act," and that, under the provisions of section 53-348, Comp. St. Supp. 1935, said liquor control commission is empowered to issue licenses for the sale of alcoholic liquors except beer by the drink, subject to all of the terms and conditions of the act in all cities and villages of the state.

It is also set out in said petition that section 53-392 of said act provides that all state registration fees shall be by said state treasurer credited to the liquor control fund; all retail license fees received by the city or village treasurer shall inure to the school fund of the district lying wholly or partially within the corporate limits of the city or village, and all license fees received by the liquor control commission shall be paid to the state treasurer and by him credited to the school fund, as provided in section 5, art. VII of the Constitution, which section of the Constitution reads as follows: "All fines, penalties, and license moneys, arising under the general laws of the state, shall belong and be paid over to the counties respectively, where the same may be levied or imposed, and all fines, penalties and license moneys arising under the rules, by-laws, or ordinances of cities, villages, towns, precincts, or other municipal subdivisions less than a county, shall belong and be paid over to the same respectively. All such fines, penalties, and license moneys shall be appropriated exclusively to the use and support of the common schools in the respective subdivisions where the same may accrue."

The plaintiff therefore prays for a declaratory judgment, declaring that all license moneys paid to the state liquor control commission, and by it paid to the state treasurer, belong to and should be paid over to the counties in which liquor licenses are granted, and for such other relief as may be just and equitable.

To this petition each and all of the state officers named as defendants join in an answer, admitting certain allegations of the petition, among which it is admitted that the plaintiff has been paid the sum of $11,910, but denying there is any balance due the plaintiff, and admit that the

state treasurer has construed said liquor control act as requiring him to place said state license moneys paid to him by the state liquor commission in the state school fund, and allege that the only state school fund of which the state treasurer has any book accounts or record is such state school fund; that the state treasurer has no information or means of ascertaining from what licensees the license moneys transferred to him were secured, or their places of business; that the said commission is not directed to give him this information; that section 79-2002, Comp. St. Supp. 1933, provides the only manner for the disposition of the state temporary school funds, and that if the liquor control act intended to provide a different disposition of any part of said fund, it would be void and unenforceable as amendatory of said section 79-2002, without repealing said section, and allege that said officers intend to continue to so handle said funds in accordance with said section of our statute. The defendants insist that section 5, art. VII of the Constitution, applies only to license moneys levied by the various subdivisions of the state. The defendants join in the prayer of the plaintiff that the court enter a declaratory judgment, establishing, declaring, and determining the rights, status, and legal relation of the parties as affected by said liquor control act.

This section of the Constitution has been before this court a number of times. In *State v. McConnel*, 8 Neb. 28, it was held that, where fines, penalties, and license money arise and are paid in under ordinances of cities, villages, towns, and precincts, being subdivisions less than a county, such money shall be appropriated and exclusively used for the support of the common schools in the respective subdivision where it accrues. It was said that reference is had to the immediate authority by which the fine or penalty is imposed or the license is granted, and that only in a technical sense could the money be said to have arisen under the general law of the state, and that such money required to be paid under ordinances of the city of Lincoln did not belong to the common school fund of Lan-

·caster county, but to the common school fund of the school district of Lincoln.

In *City of Hastings v. Thorne*, 8 Neb. 160, Judge Lake again had this section of the Constitution before him, and held that the only disposition permitted with money thus levied and imposed is that it be spent for the support of the common schools within the particular municipal subdivision in which the money is raised.

In *State v. Heins*, 14 Neb. 477, 16 N. W. 767, we find an action brought by the school district of the city of Omaha for a writ of mandamus to compel the county treasurer of Douglas county to pay over to the city treasurer of Omaha ·(*ex officio* school treasurer), for the use of the school district of the city of Omaha, $728.80, which sum had come into his hands from the police judge of the city of Omaha for fines and penalties collected for misdemeanors against the general laws of the state of Nebraska, commonly referred to as state cases. The trial court refused to issue a writ of mandamus, and such action was affirmed by this court.

This court has had this same liquor control act before us in the case of *Hanson v. Gass*, 130 Neb. 685, 267 N. W. 403, in which it was said that this act was ambiguous and contained most unusual legislative pronouncements, and cited *Omaha Real Estate & Trust Co. v. Kragscow*, 47 Neb. 592, 66 N. W. 658: "Where two sections or portions of the same statute, passed at the same time, are inconsistent with and repugnant to each other, so much so that both cannot be enforced, the last section, or last words, will be allowed to prevail and the section or words in conflict therewith held to be repealed." Such a construction should be given as will harmonize apparently conflicting provisions of a statute. *West·Nebraska Land Co. v. Eslick*, 102 Neb. 761, 169 N. W. 729.

· It is clear that the act is of great length and contains many· involved and uncertain provisions, and that it was arrived at only after reference to conference committees, and finally adopted in some haste. The clarification of the

ambiguities in the act cannot be achieved by giving too great weight to any one particular clause. The general plan was to have a liquor control commission in which the general public would have confidence and place in its hands full authority to dispose of all questions relating to the licenses which they granted. It is clear that the money paid for these licenses was to be turned over weekly to the state treasurer, and the only provision under which such temporary school funds can be disbursed by the state treasurer is by following said section 79-2002, Comp. St. Supp. 1933, which the state treasurer and the state superintendent of public instruction have heretofore followed. To carry out the contentions of the plaintiff, the state treasurer would be required to know from what portion of the state each and every part of said license funds came, and some method, not yet made clear, would have to be devised by which state warrants would be drawn, and such funds disbursed by a new method contended for by the plaintiff.

It is shown that the state treasurer and state superintendent of public instruction have been distributing such license funds semiannually, one-fourth equally among all the school districts of the state and the remaining three-fourths apportioned to all the counties of the state according to the *pro rata* enumeration of pupils in each county, in strict accordance with the provisions of section 79-2002, Comp. St. Supp. 1933, for the distribution of state school funds.

It is insisted by the defendants in the case at bar that section 5, art. VII of the Constitution, does not forbid the state itself to impose license fees, nor does it direct how license fees so imposed by the state shall be used for the benefit of the public schools. This section of our Constitution was again considered by this court in *State v. Nickerson*, 97 Neb. 837, 151 N. W. 981, in which case John Stevens brought an action in mandamus in Furnas county to compel the county clerk to pay the money received from issuing hunting and fishing licenses into the

county school fund in accordance with this section of our Constitution under consideration. It was argued that Furnas county had a better right to the money than any other county, but this court said this would be true if the license was levied or imposed by Furnas county. It was held that this constitutional provision applies only to license money levied or imposed by a county or some minor municipal corporation, and does not apply to a license imposed by the state at large; that such state license fees should be paid to the state treasurer for the benefit of the state school fund.

Statutes are to be construed in the light of a clearly apparent legislative policy. *Reiter v. Chapman,* 177 Wash. 392, 31 Pac. (2d) 1005, 92 A. L. R. 828.

It is a settled rule of statutory construction that such interpretation should not be given a statute as would render superfluous, redundant, and meaningless entire sections thereof.

A statute must be construed as a whole, effect being given, if possible, to all its provisions; but if its language is ambiguous, the court will consider the purpose of the statute as a whole, and seek to carry out, and not defeat, such purpose. *Street v. Commercial Credit Co.,* 35 Ariz. 479, 281 Pac. 46, 67 A. L. R. 1549; 25 R. C. L. 1004, sec. 246; 25 R. C. L. 983, sec. 230; 25 R. C. L. 999, sec. 242; R. C. L. Perm. Supp. 5639; 59 C. J. 995.

It must be concluded that the clause in section 53-392 of said liquor control act, reading "as provided in section 5, article VII, Constitution of Nebraska," applies only to such license fees as are not imposed by the state itself, otherwise it would be ambiguous and rendered inoperative by later inconsistent clauses of the act. Any other interpretation would not carry out the clear policy and intent of the law. 2 Lewis' Sutherland, Statutory Construction (2d ed.) 667, sec. 349.

*State v. Fenton,* 29 Neb. 348, 45 N. W. 464, was an action for mandamus to compel the county treasurer of Frontier county to pay to school district No. 38 money received

by said county treasurer for a liquor license issued by the county board of Frontier county to a licensee to sell liquor in Moorefield, which was not incorporated as a city or village on the date of the action, and this court held that, the license having been granted by Frontier county, the money did not belong to the school district in which the business was carried on, but was for the use and benefit of all the schools within the jurisdiction of the body granting the license. It appears to us by analogy that the moneys from the state licenses which are now being granted by the state liquor control commission do not belong to any particular school district within which the business of any particular licensee is carried on, but such moneys are for the use of all of the school districts within the jurisdiction of the body granting the licenses, and as such body is a state commission, it is proper to follow the law as established by the legislature and pay such moneys to the state treasurer, to be accounted for under the state school fund. While there is considerable force in the contentions of the plaintiff, yet we are of the opinion that the method of distribution of these funds which has been followed in the past is proper and lawful, and it has been a legal distribution of these funds under the law. If the plaintiff is aggrieved by this manner of distribution, then relief should be sought by an act of the next legislature, rather than through the court. The action of the state officers in the handling of state license moneys is confirmed and approved.

JUDGMENT FOR DEFENDANTS.

DAY, J., dissents.