SCHOOL DISTRICT NO. 54 OF DOUGLAS COUNTY, NEBRASKA, EX REL. DENNIS P. HOGAN, JR., APPELLEE, V. SCHOOL DISTRICT OF THE CITY OF OMAHA, IN THE COUNTY OF DOUGLAS, STATE OF NEBRASKA, APPELLANT, IMPLEADED WITH SAM J. HOWELL, TREASURER OF DOUGLAS COUNTY, NEBRASKA, APPELLEE, SCHOOL DISTRICT NO. 54 OF DOUGLAS COUNTY, NEBRASKA, ALSO KNOWN AS RALSTON SCHOOL DISTRICT, INTERVENER-APPELLEE.

107 N. W. 2d 744

Filed February 24, 1961. No. 34928.

*Wm. Ross King,* for appellant.

*McGowan & Troia* and *Ross & O'Connor,* for appellee School Dist. No. 54.

*John C. Burke,* for appellee Howell.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, WENKE, SPENCER, and BOSLAUGH, JJ.

WENKE, J.

This appeal involves an action originally instituted in the district court for Douglas County by School Dis-

trict No. 54 of Douglas County, Nebraska, on the relation of Dennis P. Hogan, Jr., as relator, for itself and all other school districts in Douglas County, Nebraska, against the School District of the City of Omaha and Sam J. Howell, as the duly elected, qualified, and acting treasurer of Douglas County. School District No. 54 of Douglas County, also referred to as the Ralston School District, filed a petition of intervention and Sam J. Howell was also made a party defendant as the ex officio duly qualified and acting treasurer of the city of Omaha.

The purpose of the action, as stated in the prayer of the petition, is: "* * * for an accounting by the defendant, Sam J. Howell, of the money received by him and now on hand from fines and penalties arising under the general laws of the State of Nebraska, which fines and penalties have been received by him from the Municipal Court of the City of Omaha, Douglas County, Nebraska, and for judgment in the favor of the plaintiff against the defendant, Sam J. Howell, for a pro rata share of said moneys and for an accounting by the defendant School District of the City of Omaha, in Douglas County, Nebraska, of all such moneys received from the defendant County Treasurer arising from fines and penalties arising under the general laws of the State of Nebraska, imposed by the Municipal Court of the City of Omaha and for judgment against the defendant School District for their pro-rata share thereof, * * *." However, by stipulation, the relief sought has been limited to: "* * * an accounting and distribution by the County Treasurer, ex officio City Treasurer and Treasurer of the School District of Omaha, of fines and penalties on state complaints filed in the Municipal Court of the City of Omaha, Nebraska, paid to said Treasurer subsequent to the filing of this action." This was on August 26, 1958.

On July 25, 1960, the trial court rendered a decree to the effect: "* * * that all money from fines and penal-

ties, including bond forfeitures, arising under the general laws of the State of Nebraska, received by the Treasurer of Douglas County, Nebraska, ex officio Treasurer of the City of Omaha, Nebraska, from the Municipal Court of the City of Omaha, Douglas County, Nebraska, including both the funds now on hand with said Treasurer, as well as all monies hereafter received by said Treasurer from said source, shall be distributed among all of the SCHOOL DISTRICTS OF DOUGLAS COUNTY, NEBRASKA on a pro rata basis according to the enumeration of pupils last returned by the Secretaries of said respective Districts, and as by law provided." The law therein referred to as providing the basis for the distribution ordered is section 79-1304, R. R. S. 1943.

The School District of Omaha thereupon filed a motion for new trial and took this appeal from the overruling thereof.

The primary question presented by this appeal is, should all money collected by the municipal court of the city of Omaha, as a result of the imposition of fines and penalties imposed in prosecutions brought therein for violation of the general laws of the state, be ultimately distributed among all of the school districts of Douglas County or should it be distributed only to the school districts in the city of Omaha?

The facts involved are not in dispute. They are either admitted by the parties' pleadings or agreed to by stipulation. Dennis P. Hogan, Jr., was, at all times herein material, a resident and taxpayer of School District No. 54 of Douglas County; that he had, before bringing this suit, made demand on School District No. 54 to do so; and that said district had failed to take any action for that purpose. It is also stipulated that in the past the School District of the City of Omaha has received all money arising from the source herein claimed, that is, prior to the institution of this action all fines, penalties, and forfeitures collected by the municipal court of the city of Omaha for offenses against the laws of the

state prosecuted therein, which offenses had been committed within the city of Omaha, have been paid to the treasurer of the city of Omaha and by him credited to the School District of the City of Omaha.

Article VII, section 5, of the Nebraska Constitution, insofar as it is material to the question presented, provides as follows: "All fines, penalties, and license money, arising under the general laws of the state, * * * shall belong and be paid over to the counties respectively, where the same may be levied or imposed, and all fines, penalties, and license money arising under the rules, by-laws, or ordinances of cities, villages, precincts, or other municipal subdivision less than a county, shall belong and be paid over to the same respectively. All such fines, penalties, and license money shall be appropriated exclusively to the use and support of the common schools in the respective subdivisions where the same may accrue, * * *." This is the same language, for all practical purposes, as contained in the Nebraska Constitution of 1875. See Art. VIII, § 5, thereof.

In State ex rel. Helmer v. McConnel, 8 Neb. 28, wherein the construction of Article VIII, section 5, of the Nebraska Constitution of 1875 was involved, the court said, in discussing said section, that: "In distinguishing the 'fines, penalties, and license moneys arising under the general laws of the state,' from those 'arising under the rules, by-laws, or ordinances, of cities, villages,' etc., it is evident to us that reference was had, not to the primary source of the power, but to the immediate authority by which the fine or penalty is imposed, or the license granted." See, also, Hrabak v. Village of Dodge, 62 Neb. 591, 87 N. W. 358.

In State ex rel. Helmer v. McConnel, *supra,* this court held to the effect that where fines, penalties, and license money arise and are paid in under rules, by-laws, or ordinances of cities, villages, precincts, or other subdivisions less than a county, such money shall be appropriated and used exclusively for the support of the com-

mon schools in the respective subdivision where it accrues. See, also, School District of Omaha v. Gass, 131 Neb. 312, 267 N. W. 528.

In State ex rel. School Dist. of Omaha v. Heins, 14 Neb. 477, 16 N. W. 767, this court held: "It is the true intent and meaning of the first clause of sec. 5 of art. VIII (now sec. 5 of art. VII) of the constitution of the state, that all fines, penalties, and license money arising under the general laws of the state shall be paid over to the counties respectively where the same may be levied or imposed, and appropriated exclusively to the support of common schools in the several school districts of such county." See, also, School District of Omaha v. Gass, *supra.*

We think the foregoing constructions of this constitutional provision are correct and are here controlling. It will be observed that the Constitution does not impose any condition on this right by making it depend upon where the violation occurred, by whom it is prosecuted, or in what court it is prosecuted.

But appellant contends the Legislature gave it the right thereto when it enacted what is now section 14-227, R. R. S. 1943. It provides, insofar as here material, that: "All fines, penalties, and forfeitures collected for offenses against the ordinances of the city, or for misdemeanors against the laws of the state, committed within the city, *shall, unless otherwise provided by law,* be paid by the person receiving the same to the city treasurer." (Emphasis ours.)

The Legislature can not enact a valid law which conflicts with the Constitution. This court, as early as the case of City of Hastings v. Thorne, 8 Neb. 160, said: "That body (the Legislature) can legalize no act which they could not have authorized before it was done. In other words, they cannot validate that which the constitution either in express terms or by necessary implication prohibits."

We do not believe the Legislature attempted to vio-

late the foregoing principle for by the terms of section 14-227, R. R. S. 1943, it provides the provisions thereof shall not be applicable to situations where the law provides otherwise. As we have often said, the validity of a statute is favored and when susceptible of two constructions the one holding such statute valid will ordinarily be followed. See, Starman v. Shirley, 162 Neb. 613, 76 N. W. 2d 749; Metropolitan Utilities Dist. v. City of Omaha, ante p. 609, 107 N. W. 2d 397. Here the exception can properly be held to refer to both the law of the Constitution applicable thereto, which we have hereinbefore discussed, and statutes so providing. See §§ 26-118, 29-2702, and 29-2708, R. R. S. 1943. The latter clearly recognize the constitutional requirements.

Other questions are raised and discussed by appellant but they are either controlled by what we have held or have no application to the question involved. We think the holding of the trial court is correct. We, therefore, affirm the judgment which it rendered.

AFFIRMED.