SCHOOL DISTRICT OF OMAHA IN THE COUNTY OF DOUGLAS IN THE STATE OF NEBRASKA, APPELLEE, v. CITY OF OMAHA ET AL., APPELLANTS, IMPLEADED WITH SCHOOL DISTRICT NO. 54 OF DOUGLAS COUNTY ET AL., APPELLEES.

120 N. W. 2d 267

Filed March 8, 1963. No. 35360.

Herbert M. Fitle, Bernard E. Vinardi, Irving B. Epstein, Frederick A. Brown, Edward M. Stein, Sebastian J. Todero, and Frederick S. Giehs, for appellants.

W. Ross King, Seymour L. Smith, Wells, Martin, Lane, Baird & Pedersen, and Clayton H. Shrout, for appellees.

Heard before WHITE, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

BOSLAUGH, J.

The School District of Omaha, Nebraska, brought this action to determine the proper disposition and distribution of funds received from forfeited recognizances and cash bonds in the municipal court of the city of Omaha, Nebraska, in proceedings for violation of city ordinances. The defendants are the city of Omaha; its treasurer; School District No. 54 of Douglas County, Nebraska; School District No. 66 of Douglas County, Nebraska; and the members of the city council of the city of Omaha as trustees of its police relief and pension fund. The controversy in this court is between the three school districts and the city. The defendant school districts claim a right to receive a proportionate share of the funds involved.

The district court held that bond forfeitures are penalties arising under the general laws of the State of Ne-

braska and should be paid into the county school fund and distributed to the several school districts of the county as provided by law. The motion of the city of Omaha and its officers for a new trial was overruled and they have appealed. There is no cross-appeal. For convenience, the appellants will be referred to as the City.

The Constitution provides that, "All fines, penalties, and license money, arising under the general laws of the state, except fines and penalties for violation of laws prohibiting the overloading of vehicles used upon the public roads and highways of this state, shall belong and be paid over to the counties respectively, where the same may be levied or imposed * * *. All such fines, penalties, and license money shall be appropriated exclusively to the use and support of the common schools in the respective subdivisions where the same may accrue * * *." Art. VII, § 5, Constitution of Nebraska.

In State ex rel. Pepper v. Speice, 24 Neb. 386, 38 N. W. 837, James Robert Williams was indicted for forgery in Butler County. The accused obtained a change of venue to Platte County where a recognizance was given. Williams failed to appear at the next term of court and the recognizance was forfeited. Thereafter judgment was recovered against the surety and the amount recovered was paid to the clerk of the court. The county treasurer of Butler County then brought an original action in this court for a writ of mandamus to compel the clerk of the district court for Platte County to pay the amount of the forfeited recognizance to Butler County. In holding that the writ must be denied, this court said: "There are other provisions requiring the payment of fines and penalties into the county treasury for the use of the common schools of the county. It will thus be seen that the recognizance must be given in the county where the accused is required to appear at court. If he fails to appear, the recognizance is to be declared forfeited, and the county attorney of that county is authorized to recover the amount of the recognizance.

The amount, when recovered, is to be paid into the treasury of that county. The matter is regulated entirely by statute. Where the venue is changed, the statute provides that the county in which the crime is alleged to have been committed shall bear the expense of the trial in the second county, but there is no provision that in case the person recognized fails to appear, the forfeiture shall inure to the benefit of the first county. The purpose of a recognizance is to secure the attendance of the party recognized. The payment of the penalty is considered a mere possibility—to be paid only in case of the failure to produce the body of the defendant. The law favors sureties, and aids them as far as possible to secure the body of the accused, and enforces the penalty as a last resort. In the administration of the criminal law the procedure pointed out in the statute is to be substantially followed, and costs and penalties imposed as therein directed. The court, no doubt, in a proper case may adjust the equities between counties, but it cannot without statutory authority take the money derived from a forfeiture of a recognizance in Platte county and compel its payment to the treasurer of Butler county. Neither can the criminal law be used as a source of revenue to any county; nor is the money derived from forfeiture of recognizance so considered."

In School Dist. No. 54 v. School Dist. of Omaha, 171 Neb. 769, 107 N. W. 2d 744, this court affirmed a judgment of the district court for Douglas County, Nebraska, which provided:   " '* * * that all money from fines and penalties, including bond forfeitures, arising under the general laws of the State of Nebraska * * *' " and received from the municipal court of the city of Omaha, Nebraska, should be distributed among all of the school districts of Douglas County, Nebraska, as provided by law.

The authorities referred to are controlling in this case. The funds received from forfeited recognizances and cash bonds in the municipal court of the city of Omaha,

Nebraska, are penalties arising under the general laws of the state within the meaning of Article VII, section 5, of the Constitution of Nebraska, and must be distributed to the several school districts of the county as provided by law.

The City relies upon subsection (5) of section 14-610, R. R. S. 1943. Section 14-610, R. R. S. 1943, provides for the establishment of a police relief and pension fund in cities of the metropolitan class. Subsection (5) thereof provides: "All cash deposited in lieu of bail for appearances in the police court of such city, whether deposited with the police magistrate or any official having the right to receive the same, and such money so forfeited shall be monthly turned over by the police magistrate or other officer receiving the same to the treasurer of such city, and to the credit of the police relief and pension fund * * *." To the extent that section 14-610, R. R. S. 1943, attempts to direct the payment of forfeited cash bail into the police relief and pension fund of the City it is in direct conflict with Article VII, section 5, of the Constitution of Nebraska and is invalid. The Constitution provides that such penalties shall be paid over to common schools, and neither the Legislature nor the City may divert them to any other purpose. School Dist. of McCook v. City of McCook, 163 Neb. 817, 81 N. W. 2d 224.

The City also relies upon section 14-227, R. R. S. 1943, which provides in part as follows: "All fines, penalties, and forfeitures collected for offenses against the ordinances of the city, or for misdemeanors against the laws of the state, committed within the city, shall, unless otherwise provided by law, be paid by the person receiving the same to the city treasurer."

In School Dist. No. 54 v. School Dist. of Omaha, *supra*, this court held that the exception "unless otherwise provided by law" in section 14-227, R. R. S. 1943, refers to both the Constitution and the statutory law. The Constitution does provide otherwise and is controlling.

The judgment of the district court is correct and it is affirmed.

AFFIRMED.