REQUESTED BY: Dear Senator:
This is in reply to your inquiry concerning the disposition of part of the funds collected as a result of the issuance of parking tickets for administrative and other costs.
Article VII, Section 5 of the Nebraska Constitution provides as follows:
 "All fines, penalties, and license money arising under the general laws of the state, . . . shall belong and be paid over to the counties respectively, where the same may be levied or imposed, and all fines, penalties, and license money arising under the rules, by-laws, or ordinances of cities, villages, precincts, or other municipal subdivision less than a county, shall belong and be paid over to the same respectively. All such fines, penalties, and license money shall be appropriated exclusively to the use and support of the common schools in the respective subdivisions where the same may accrue, . . ."
In School District of McCook v. City of McCook,163 Neb. 317, 81 N.W.2d 224, an action was brought to determine who was entitled to the monies received under the city's parking meter ordinance. The ordinance provided that if a violator of the ordinance appeared at the police station within 24 hours he should pay 25 cents, 10 cents of the amount to be deemed payment of the parking privilege not previously paid and 15 cents as payment of operation and administration expenses. If the violator appeared after 24 hours but within 72 hours, he should pay $1.25, 10 cents for the unpaid parking privilege and the balance for operation and administrative expenses. If failure to appear within 72 hours subjected the violator to a complaint and warrant of arrest for violation of the ordinance.
In reversing the trial court, which had held that the school district had no right to the funds allocated by the ordinance for operation and administrative expenses, our Supreme Court said:
 ". . . The Constitution having provided that such penalties shall be paid over to the common schools, the city may not divert them to any other purpose. The fact that the ordinance of the city may designate a portion as compensatory and the balance for the cost of operation and administration cannot have the effect of changing the true character of these funds. If they be penalties under the constitutional provision, as they are, the city cannot change their character by giving them a name inconsistent with their true character. Since the Constitution is the supreme law of the state, any attempt by a city to make a distribution of funds contrary to its provisions is ineffectual and void."
More recently in School District of Omaha v. City ofOmaha, 175 Neb. 21, 120 N.W.2d 267, our Supreme Court reaffirmed the decision in the McCook case and added that neither the Legislature nor the city may divert penalties to any other purpose than the support of the common schools.
In the Omaha case the court held that forfeited recognizance and cash bonds could not, pursuant to city ordinance, be diverted to a police relief and pension fund.
It is therefore very clear that there is no authority to authorize the deduction of administrative costs from monies collected as a result of the issuance of parking tickets.