REQUESTED BY: Senator Carol McBride Pirsch Member of the Legislature State Capitol, Room 1126 Lincoln, Nebraska 68509
Dear Senator Pirsch:
This is in response to your questions pertaining to the effect of Nebraska Constitution, Article VII, Section 5, on LB 948 (your proposed Forfeiture of Drug Profits Act).
The first question you ask is whether money which may be `forfeited' under section (1)(g) of that Act is defined as a `fine, penalty, or license.'
The answer is that such `forfeited' money is a criminal penalty.
Whether the term `money' under section (1)(g) of that Act indicates a `fine, penalty, or license' depends upon the interpretation of the term `forfeiture' as used in that section. In other words, does `forfeiture' of money under section (1)(g) constitute a `fine, penalty, or license' under that section?
First, it is noted that LB 948 pertains to revision or modification of Neb.Rev.Stat. § 28-431 (Supp. 1980), which is found in the Crimes and Punishments section of the Nebraska Revised Statutes. LB 948, like the statutory section to which it pertains, is clearly concerned with a criminal matter, requiring court hearing prior to any `forfeiture' for violation of drug and narcotics laws.
With reference to crimes and criminal matters, Black's Law Dictionary (Fourth Edition, 1968), page 778, has defined `forfeiture' as `something imposed as a punishment for an offense and frequently associated with the word `penalty.'
As pointed out in Corpus Juris Secundum, the forfeiture of specific property `used by a person in the commission of, or in connection with the commission of, a crime is . . . a punishment for the crime . . . . the terms `forfeiture' and `penalty' are often used in the criminal law as being synonymous and interchangeable.' 37 C.J.S., Forfeitures, § 1, p. 5.
In addition, the Nebraska Supreme Court has apparently regarded the terms `penalty' and `forfeiture' as synonymous under the Nebraska criminal law.
For example, the case of School District of Omaha v.City of Omaha, 175 Neb. 21, 120 N.W.2d 267 (1963), discusses an attempt by the City of Omaha to `direct the payment of forfeited cash bail into the police relief and pension fund of the city' and it declares such an attempt to be `in direct conflict with Article VII, section 5 of the Constitution of Nebraska.' The court goes on to say that `the Constitution provides that such penalties referring to the forfeitures shall be paid over to common schools.'Supra. (Emphasis added.) The term `forfeiture' is synonymous with `penalty.'
Next you ask whether the money forfeited pursuant to section (1)(g) of LB 948 may be diverted from the school fund by statute.
The answer is no. The money may not be diverted from the school fund by statute.
The plain language of the Nebraska Constitution, ArticleVII, section 5, is that:
 All fines, penalties, and license money, arising under the general laws of the state, except fines and penalties for violation of laws prohibiting the overloading of vehicles used upon the public roads and highways of this state, shall belong and be paid over to the counties respectively, where the same may be levied or imposed, and all fines, penalties, and license money arising under the rules, by-laws, or ordinances of cities, villages, precincts, or other municipal subdivision less than a county, shall belong and be paid over to the same respectively. All such fines, penalties, and license money shall be appropriated exclusively to the use and support of the common schools in the respective subdivisions where the same may accrue, . . .
As our court said in School District No. 54 v. SchoolDistrict of Omaha, 171 Neb. 769, 107 N.W.2d 744 (1961):
 The Legislature can not enact a valid law which conflicts with the Constitution. This court, as early as the case of City of Hastings v. Thorne, 8 Neb. 160, said: `That body (the Legislature) can legalize no act which they could not have authorized before it was done. In other words, they cannot validate that which the constitution either in express terms or by necessary implication prohibits.'
Money forfeited pursuant to section (1)(g) of LB 948 is a penalty within the meaning of Article VII, Section 5, of the Nebraska Constitution, and the Legislature is therefore without authority to divert that money from the school fund by statute.
Finally, you have asked whether the use of a vehicle forfeited under LB 948 by the confiscating agency would be constitutional under Nebraska Constitution, Article VII, Section 5.
The answer is no. A confiscating agency may not use a vehicle which is forfeited under LB 948.
By defining the term `penalty' to include a `forfeiture' under the criminal law, we have also answered the question of whether a vehicle which is forfeited pursuant to LB 948 may be used by the confiscating agency.
As we stated earlier in this opinion, a criminal `forfeiture' is a `penalty.' The `forfeiture' of a vehicle under LB 948 (a bill pertaining to a criminal matter) is therefore properly regarded as a `penalty.' As a `penalty' it falls within the provisions of the Nebraska Constitution, Article VII, Section 5, and must be `appropriated exclusively to the use and support of the common schools.'
The interpretation as expressed by this opinion is further supported by Nebraska Constitution, Article VII, Section7, which states, in part, that:
 The following are hereby declared to be perpetual funds for common school purposes of which the annual interest or income only can be appropriated, to-wit:
. . . .
 Fourth. The net proceeds of lands and other property and effects that may come to this state, by escheat or forfeiture, . . .
The foregoing opinion is consistent with our Attorney General opinion of April 25, 1956, page 226, which we have attached for your consideration.
Very truly yours,
PAUL L. DOUGLAS Attorney General
Frank J. Hutfless Assistant Attorney General