REQUESTED BY: Senator Howard Lamb Member of the Legislature State Capitol Building Lincoln, Nebraska 68509
Dear Senator Lamb:
This is in response to your letter of February 4, 1983, in which you request our opinion regarding whether there is a conflict between Article V, Section 21, of the Nebraska Constitution, and language in LB 422 which would allow the Supreme Court to provide for the appointment of an additional judge in a judicial district other than that in which a judicial vacancy has occurred.
LB 422 provides, insofar as relevant here, that:
`Whenever a vacancy occurs in one district, the Supreme Court may provide for the appointment of an additional judge in another district in lieu of filling the vacancy.'
We believe that such provision would violate Article V, Section 21 of the Nebraska Constitution because the provision attempts to confer authority on the Supreme Court which belongs primarily to the Governor, and secondarily to the Chief Justice, by declaration of the people in the Nebraska Constitution.
Specifically, Article V, Section 21, of the Nebraska Constitution provides that:
 (1) In the case of any vacancy in the Supreme Court or in any district court or in such other court or courts made subject to this provision by law, such vacancy shall be filled by the Governor from a list of at least two nominees presented to him by the appropriate judicial nominating commission. If the Governor shall fail to make an appointment from the list within sixty days from the date it is presented to him, the appointment shall be made by the Chief Justice or the acting Chief Justice of the Supreme Court from the same list.
When the words of the Constitution are plain, direct and unambiguous, no interpretation is needed to ascertain their meaning, and a mere reading will suffice. State exrel. Caldwell v. Peterson, 153 Neb. 402, 45 N.W.2d 122
(1951).
The language of Article V, Section 21, is clear: The Governor or, if the Governor fails to act, the Chief Justice, shall make the appointment in the event of a judicial vacancy. To the extent that the language in LB 422 would conflict with the language in Article V, Section 21, of the Nebraska Constitution, the Article would control and the language of the act would be invalid. Consumers Coal Companyv. City of Lincoln, 109 Neb. 51, 65, 189 N.W. 643
(1922) ; School District No. 54 v. School District ofOmaha, 171 Neb. 769, 107 N.W.2d 744 (1961).
Very truly yours, PAUL L. DOUGLAS Attorney General Frank J. Hutfless Assistant Attorney General